## A. H. LITTLE *v.* M. E. NELSON.

1. GARNISHMENT. *Failure of garnishee to answer. Presumption.*

    When a person is summoned as garnishee and fails to appear and answer the writs, the law presumes that he admits a debt to be due equal to the demand of the plaintiff, and on this assumption permits a judgment to be taken against him.

2. SAME. *Failure of answer to comply strictly with statute.*

    If the garnishee appears and files an answer by which it appears that his purpose is to deny the existence of a debt and his possession of property of the

defendant, though the answer be inartificially drawn or fails to conform strictly to the statutory requirement, the plaintiff cannot be permitted to strike the answer from the files, or to ignore it and take judgment for his debt.

3. SAME. *How plaintiff should proceed. Objection to answer. Failure to amend.*
If the plaintiff desires a fuller disclosure he may by proper objection to the answer compel the garnishee to amend it, and if he fail or refuse to amend he will then be treated as electing to stand by the answer made, and his liability will be tested by its terms. *Columbus Ins. Co.* v. *Hirsh, ante* 74.

4. SAME. *When judgment should not be rendered.*
A judgment should not be rendered for want of sufficient answer, when, if the same matter was stated in a plea, the plaintiff would be required to reply or demur.

5. SAME. *Case in judgment.*
The answer failed to state that the garnishee was not indebted to the defendant at the time of the service of the writ of garnishment. *Held*, that it was error to render judgment final for want of sufficient answer without objection having first been made to the answer for insufficiency, or averring that the garnishee was indebted at the time of the service.

APPEAL from the Circuit Court of Copiah County.

HON. T. J. WHARTON, Judge.

The facts are stated in the opinion.

*C. H. Conn*, for the appellant.

1. The plaintiff in the court below was not entitled to judgment against appellant as rendered by the court. Appellant, within the time allowed him, filed an answer to the garnishment, which, although defective in not stating that he was not indebted at the time of the service of the writ, etc., is a denial of indebtedness; hence upon the answer no judgment could be rendered against. him. Nelson did not except or controvert the answer, so that the answer stands as true in fact, and its insufficiency was waived by not being excepted to. Judgment cannot be rendered against a garnishee on his answer unless his liability clearly appears. *Smith* v. *Bruner*, 23 Miss. 508; *Williams* v. *Jones*, 42 Miss. 270; *McNeil* v. *Roache*, 49 Miss. 442; Drake on Attachments 659; *Smithers* v. *Fitch*, 1 S. & M. 541.

43

2. Even should a motion have been the proper way for appellee to reach judgment without excepting to or traversing the answer, I submit that the motion upon which this judgment was rendered is unintelligible, and from it it is impossible to say whether appellant was to be treated as admitting indebtedness or failing altogether to answer or as answering insufficiently. I take it that a fair construction of that motion is, that the court ignored Little's answer and treated him as failing to answer. The judgment is certainly erroneous, also, because the amount seems to have been fixed by the suggestion of Nelson's attorney in the motion. No evidence seems from the record to have been offered, and if it had it could not have been admissible because there was no issue on which to admit testimony. *Williams* v. *Jones*, 42 Miss. 270.

*Calhoon & Green*, for the appellee.

The statute, Code 1880, § 2446, provides for judgment against garnishees *to be final* unless good excuse be shown to the contrary *at the term when rendered,* where they fail to appear *and discover* "as by this chapter directed." The direction is in § 2423 and § 2442, that the garnishee shall say what he owed the defendant *at the time of service*. In the case at bar appellant was served with process April 2d, and did not answer until April 24th, and he failed to discover what he owed on the day of service. We stand on the statute. Clearly there is no error on the face of the record. The judgment against the garnishee was duly rendered on a motion formally filed and spread on the motion docket, and without objection, *during that term*.

COOPER, J., delivered the opinion of the court.

The appellee sued out an attachment against one D. S. Hurlbut, and summoned the appellant and numerous other persons to answer as garnishees. The appellant answered, denying that he was indebted to the defendant in any sum or that he had any of the effects of said defendant in his hands or possession, and further stated that he knew of no other person indebted to the defendant. He failed to state that he *was not indebted to the defendant at the time of the service of the writ of garnishment*. The appellee, without objecting

to the answer for insufficiency or averring that the garnishee was indebted to the defendant at the time the writ was served, moved for and obtained judgment for want of a full answer. It is contended by the appellee that because of the failure of the garnishee to answer in strict conformity to the statute, she was entitled to take judgment for the amount of her debt against the defendant under § 2446 of the Code, which provides, " when any garnishee duly summoned shall fail to appear and discover, as by this chapter directed, the court shall enter a judgment against him for the amount of the demand and all costs, and such judgment shall be final unless cause be shown to the contrary during the same term."

Where a person is summoned as garnishee and fails to appear and answer the writ, the law proceeds on the presumption that he admits a debt to be due by him to the defendant equal to the sum of the plaintiff's demand, and on this assumption permits a judgment to be taken against him; but when he appears and files an answer by which it is apparent that his purpose is to deny the existence of a debt and to deny his possession of property of the defendant, but if the answer is inartificially drawn or fails to strictly conform to the statutory requirements, the plaintiff cannot be permitted to strike the answer from the files or to ignore it and take judgment for his debt.

If he desires a fuller disclosure, he may, by proper objections to the answer, compel the garnishee to amend it; and if he fails or refuses to amend when his attention is called to the defect, he will be treated as electing to stand by the answer as made, and his liability will be tested by its terms.

It was, however, not intended by the statute to place garnishees upon any less favorable footing in the courts than are other defendants, nor to fix them with liability because of a slip in answering. We must construe the statute on this subject in the light of other provisions in the code on the subject of pleadings and practice. The same liberality must be extended to the garnishee, and a judgment ought not to be rendered on an answer where, if the same matter was stated in a plea, the plaintiff would be required to reply

or demur. The defect in the answer of the garnishee consisted in his not negativing the fact of indebtedness or possession of property of the defendant at the time of service of the writ or.in the interval between such service and the filing of the answer. The denial of liability because of no indebtedness at one time is explicitly shown, but there is a failure to exclude liability because of the facts existing at another.

In the recent case of *Columbus Insurance and Banking Company* v. *Hirsh & Loenstein, ante* 74, it was held that the creditor was entitled to subject to his demand any sum which the garnishee might owe to the defendant at any time before the third day of the term to which the writ was returnable, but that where an answer had been filed before the commencement of the term, the plaintiff could not take judgment on the ground that the answer did not exclude the fact of indebtedness during the whole time in which the answer might have been filed, but that it devolved on the plaintiff to move for a further answer, and that the garnishee must be allowed a fair opportunity to amend his answer. For the same reason the plaintiff here should have required a more specific answer if she had reason to believe that the garnishee was endeavoring to suppress facts which showed his liability, but ought not to have treated the answer as a nullity.

*The judgment is reversed.*