## LIVERPOOL & LONDON & GLOBE INSURANCE CO. *v.* THREEFOOT BROS. & CO.

GARNISHMENT.   *Insufficient answer.   Practice.*

Where an insurance company, being garnished, files a sworn certificate, which is silent as to any indebtedness to defendant in attachment, but states that it had issued a policy to a claimant of the property attached, which had burned, but that the policy has been avoided, and nothing is due the assured, this shows an attempt to comply with the summons, and it is error, without notice to the garnishee and opportunity to amend, to render judgment as for want of an answer. *Little* v. *Nelson,* 61 Miss., 672.

FROM the circuit court of Clarke county.
HON. S. H. TERRAL, Judge.

On December 7, 1891, Threefoot Bros. & Co. sued out an attachment against W. H. Whittle, and caused the writ to be levied on a stock of merchandise. A claim was interposed by A. R. Wright and W. T. Scott, who gave bond as claimants and took possession of the goods. In March following, the appellant, the Liverpool & London & Globe Insurance

Co., issued a policy of insurance in their favor covering the stock, and a few days thereafter it was destroyed by fire. Thereupon plaintiffs caused an *alias* writ of attachment to be issued, embodying a garnishment which it caused to be served on the said insurance company, service being had on Lloyd, agent for the company in Meridian. The latter, with the summons, filed in the circuit court the following paper:

"*To the circuit court at Quitman, Miss.:*

"THREEFOOT BROS. & Co. *v.* W. H. WHITTLE, Defendant.
A. R. WRIGHT and W. T. SCOTT, Claimants.

" In answer to garnishment served upon Liverpool & London & Globe Insurance Co., through its agents, Messrs. J. C. Lloyd & Co., April 1, 1892, this is to certify that the Liverpool & London & Globe Insurance Co., through its agents at Meridian, Miss., did issue a policy, No. 2546, to Messrs. Wright & Scott for one thousand dollars, covering their stock of general merchandise at DeSoto, Miss.; subject to certain conditions mentioned in said policy for the term of one year, viz., from March 7, 1892, to March 7, 1893; that on the twenty-sixth day of March, 1892, a fire occurred, but, that upon examination by our representative, we find that we owe the assured nothing under said policy, same having been voided. And now having answered said garnishment, said garnishee begs to be herein discharged with his reasonable costs.       J. C. LLOYD & Co.,

"*Agents for Garnishee.*

" Sworn to and subscribed before me, October 22, 1892.

"J. L. SPINKS, *J. P.*"

Plaintiffs, having recovered judgment against the defendant in attachment, moved for judgment against the garnishee for want of an answer, and, without notice to or further appearance by the said garnishee, the motion was sustained and judgment entered against it for the amount of plaintiff's demand, and from this judgment the garnishee appeals.

*Nugent & McWillie,* for appellant.

The garnishee appeared in response to the summons, and honestly endeavored to make a full and fair answer. The judgment was therefore erroneous. Plaintiff should have excepted to it, and thus compelled a fuller answer. *Little* v. *Nelson,* 61 Miss., 672.

*Miller & Baskin,* for appellee.

The paper filed by the garnishee cannot be considered an answer, even within the rule laid down in *Little* v. *Nelson,* 61 Miss., 672. It did not purport to answer as to any indebtedness to the defendant in attachment. It was a mere certificate in reference to loss under a policy issued to the claimants. There was no attempt to comply with the summons by answering in respect to indebtedness to Whittle.

Argued orally by *W. L. Nugent,* for appellant.

CAMPBELL, C. J., delivered the opinion of the court.

The judgment against the garnishee was unauthorized, in view of the appearance and attempt to comply with the summons of garnishment. *Little* v. *Nelson,* 61 Miss., 672; *Insurance Co.* v. *Hirsh,* 61 *Ib.,* 74.

                *Reversed, and remanded to the circuit court.*