<hr/>

### HELLMAN v. GOLDSTONE.

(Circuit Court of Appeals, Third Circuit. May 14, 1908.)

No. 4.

BANKRUPTCY—DISCHARGE—EFFECT—ENFORCEMENT OF JUDGMENT—INJUNCTION.

Whether a judgment against one who is thereafter adjudged bankrupt is thereby discharged is properly raised by pleading the discharge in a proceeding to enforce the judgment, and not by petition in the bankruptcy court to enjoin the judgment creditor from enforcing it.

Petition for Revision of Proceedings of the District Court of the United States for the District of New Jersey, in Bankruptcy.

David E. Goldfarb, for appellant.

Hays & Hirshfield and Horace Stern, for appellee.

Before DALLAS, GRAY, and BUFFINGTON, Circuit Judges

BUFFINGTON, Circuit Judge. This is a petition of Henry Hellman to review an order in bankruptcy made by the District Court of New Jersey. On June 2, 1904, one Goldstone recovered a judgment against Hellman in a municipal court, which by the filing of a transcript thereof in the Supreme Court of New York on June 3, 1904, became a judgment therein. On June 28, 1904, Hellman was adjudged bankrupt in the court below, and on October 24, 1904, obtained from said court his discharge. On October 12, 1906, he petitioned the Supreme Court of New York to cancel Goldstone's judgment by reason of his having obtained such discharge in bankruptcy. On October 30, 1906, that court, after hearing, denied the defendant's motion to cancel the judgment. Of such order Hellman sought no review, but on February 19, 1907, petitioned the court below to enjoin Goldstone from proceeding to enforce the judgment. This the District Court, by its order of April 3, 1907, declined to do, and to review its order dismissing such proceeding Hellman petitioned this court.

We are of opinion the court below was right. The question whether a judgment against one who is thereafter adjudged bankrupt is

161 F.—58

thereby discharged is properly raised by pleading the discharge in a proceeding to enforce the judgment. In re Wright, 2 Ben. 509, Fed. Cas. No. 18,065. Presumably the court in which such discharge is thus pleaded will accord it due legal effect, and if it does not the bankrupt's remedy lies in a review of such action by the proper appellate, tribunal, or ultimately in the federal court for denial to him of a right under a law of the United States. Dimock v. Revere Copper Company, 117 U. S. 565, 6 Sup. Ct. 855, 29 L. Ed. 994.

The petition in the present case is therefore dismissed, at petitioner's cost.