ALABAMA GREAT SOUTHERN RY. CO. *v.* CRAWLEY.

[79 South. 94, Division A.]

1. BANKRUPTCY. *Judgment against bankrupt. Discharge.*

   A judgment against a bankrupt rendered during the pendency of bankruptcy proceedings, is not void, but when the bankrupt is discharged he can plead such discharge in bar to the enforcement of such judgment.

2. BANKRUPTCY. *Judgment against bankrupt. Rights to plead. Discharge.*

   In a proceeding to enforce a judgment rendered against a bankrupt during the pendency of the bankruptcy proceedings the right to plead a discharge rendered in such proceeding is personal to the bankrupt, and where he does not rely thereon, it cannot be set up by another.

3. BANKRUPTCY. *Judgment against discharged bankrupt. Modes of relief.*

   Our statutes do not provied any special procedure by which a discharged bankrupt can be relieved of a judgment against him, prior to his discharge; but there are at least two ways by which

such relief can be obtained; first, by motion in the court render-
ing the judgment for a perpetual stay of execution; and second,
by motions to quash any process issued thereon; hence a bank-
rupt. after discharge, has the right seasonably to move to quash
a writ of garnishment issued on the judgment, but the garnishee
has not.

APPEAL from the circuit court of Lauderdale county.
HON. R. W. HEIDELBURG, Judge.

Suit by A. W. Crawley against J. T. Fitzgerald,
wherein the Alabama Great Southern Railway Com-
pany, after a default judgment for plaintiff, was gar-
nisheed. From a judgment against the garnishee for
the amount of the judgment against the defendant,
the garnishee appeals.

The facts are fully stated in the opinion of the court.

*Boseman & Cameron,* for appellant.

Counsel for appellee cite only one case in support
of the position that the pleading of a discharge in
bankruptcy is a right personal to the bankrupt and
is not available to anyone else, namely, that of *Moyer,
et al* v. *Dewey,* 26 L. Ed. 394. This case is easily
distinguishable from the case at bar. In the case
cited, an effort was made by a defendant to plead
in the principal action a defense available only to
its co-defendant, the bankrupt. This, of course, can-
not be done. This attempt was tantamount to a
case where two parties, one a minor, were sued on
a joint indebtedness and the adult defended on the
ground of his co-defendant's minority. The present
case is by no means a parallel one. We are not
interposing the defense of Fitzgerald's bankruptcy
in the principal action, but are only using this de-
fense to defeat an execution issued on the judgment
obtained in the principal action.

Counsel asks the question, "If no objection on the
part of the defendant, then how can a third party,

the garnishee here, complain?'' This question, as well as a number of other references in counsel's briefs indicate that he has misconceived the proper way in which a bankrupt should plead his discharge in a case like this one. The judgment having been obtained against him by Crawley before his discharge in bankruptcy, he certainly could not have pleaded his discharge to defeat this judgment. It would have been vain also for him to appeal therefrom. The proper way to plead a discharge in bankruptcy, under these circumstances is by motion to quash, injunction, etc. In other words, the bankrupt must block any attempt by the judgment creditor to realize on his judgment. See Collier on Bankruptcy (8 Ed.), page 294, section C.

''It seems, however, that a judgment entered after a petition is filed, but before the discharge, is a mere debt and the discharge can be used as a bar to proceeding to enforce it.'' See, also, 3 R. C. L., page 318; 7 Corpus Juris, page 398; *McDonald, et al* v. *Ingraham,* 30 Miss. 389; *Iron Works Co.* v. *Tappan,* 56 Miss. 659.

This, however, is not open for argument, as the court stated in its memorandum that we might assume that the bankrupt ''is entitled, upon seasonably calling the attention of the court rendering the judgment to the fact of his discharge in bankruptcy, to have execution on the judgment perpetually stayed, or, in event an execution or garnishement, as in the case at bar, has issued thereon, to have the same quashed.''

It will be seen, therefore, that the defendant has by no means acquiesced in the garnishment proceeding, nor failed to make timely objection thereto. Fitzgerald had a motion on file, which, if favorably passed upon, would quash the garnishment writ and release the garnishee. Certainly the garnishee is in-

terested in having this done. The court below wholly ignored this motion and passed on only a part of the case submitted to it, on appeal from the justice court. In this its judgment is certainly erroneous, and even if our position on the other questions involved is not well taken, the case should certainly be remanded so that the circuit court can dispose of the entire case as presented to it.

*C. B. Cameron,* for appellee.

The court has before it the record and original briefs in the case and it only remains for me to properly give answer to the two questions and make answer to argument of appellant in brief recently filed.

The first one presented is as follows: Is not the pleading of a discharge in bankruptcy a privilege personal to the bankrupt; if so, what right has a garnishee, in case like the one at bar, to plead the discharge of the judgment debtor as ground for quashing the writ?

An investigation of the authorities leads to the conclusion that a plea of discharge in bankruptcy is a privilege personal to the bankrupt. See case of *Moyer* v. *Dewey,* 103 U. S. 301, reported in 26 L. Ed. 394. This being true, the garnishee could not avail itself of the discharge in bankruptcy on motion to quash garnishment.

The privilege of pleading the discharge being personal to the defendant, it is obvious that it could not be pleaded or set up by the garnishee on motion to quash the writ or otherwise. The second question may be answered by stating that the inability of garnishee to so plead the discharge, renders the garnishee a disinterested party, and as such, has abso-

lutely no interest in the correctness of the judgment against the defendant.

This garnishee or appellant here has no interest in correctness of judgment against Fitzgerald. If no objection on part of defendant, then how can a third party, garnishee here, complain? He can't be heard to object.

Concluding, I say that the garnishee could not plead the discharge in bankruptcy; that the same was personal to the defendant, that the defendant did not plead it; that the garnishee is not interested in the correctness of the judgment against the defendant, and accordingly has no right to plead the discharge on motion to quash the garnishment writ and discharge the garnishee; that neither the justice court nor the circuit court renders a judgment in favor of the defendant; that the original judgment against defendant is valid in all respects and that the judgment rendered by the circuit court against the garnishee is correct. That in effect it is a judgment against the defendant and the defendant not having appealed therefrom, the garnishee has no interest in its correctness and the same should be affirmed.

SMITH C. J., delivered the opinion of the court.

This is an appeal by a garnishee from a judgment rendered against him in a garnishment proceeding. The cause was submitted to the court below on an agreed statement of facts which recites:

"That, in the months of September to December, inclusive, 1914, the defendant, J. T. Fitzgerald, became indebted to the plaintiff, A. W. Crawley, in the amount of ninety dollars and twenty-five cents for groceries and merchandise furnished the family of said J. T. Fitzgerald at Meridian, Miss. That, on

the 20th day of Febuary, 1915, the defendant, J. T. Fitzgerald, filed a voluntary petition in bankruptcy in the district court of the United States for the Southern Division of the Northern District of Alabama, sitting at Birmingham, in said state, and was, on that day, adjudged a bankrupt. That he scheduled his said indebtedness to the plaintiff, A. W. Crawley, and that the plaintiff, A. W. Crawley, was notified of the said bankruptcy proceeding. That the plaintiff, A. W. Crawley, did not prove his debt in said bankruptcy, but on the 12th day of March, 1915, instituted this suit against the defendant, J. T. Fitzgerald on said debt before R. Clay, justice of the peace, at Meridian, Miss. That on the 17th day of March, 1915, a summons was served on the defendant by leaving a copy thereof with his wife, Mrs. J. T. Fitzgerald, at Meridian, Miss., and thereafter, on the 26th day of April, 1915, judgment by default was rendered in said case by said justice of the peace in favor of the plaintiff against defendant for ninety dollars and twenty-five cents and costs, and thereafter, in said bankruptcy proceeding, the said J. T. Fitzgerald filed his petition for a discharge, and was duly discharged on the 15th day of July, 1915, and thereafter on the 14th day of August, 1915, the plaintiff procured a writ of garnishment on said judgment to be issued by said justice of the peace and to be served upon the Alabama Great Southern Railroad Company, garnishee, returnable on the 23d day of August, 1915. The garnishee failed to answer the said writ on the return day and in the form required by the statute, and on the 7th day of September, 1915, both the defendant and the garnishee filed their motions before said justice of the peace to quash the writ of garnishment, as per said motions on file among the papers, and at the same time the plaintiff orally moved the court for a

judgment against the garnishee for failure to answer. The motion of the plaintiff was overruled, and the motions of the defendant and garnishee were sustained by the said justice of the peace, and from said judgment of the said justice of the peace this appeal is prosecuted.''

The record does not disclose any express disposition in the court below of Fitzgerald's motion to quash the writ of garnishment, but awards appellee a recovery against the garnishee for the amount of the judgment against Fitzgerald. The garnishee alone appeals.

Among the questions raised by counsel for appellee are the power *vel non* of the justice of the peace to permit the motions to quash the writ of garnishment to be filed after the return day of the writ, and the validity of Fitzgerald's discharge in bankruptcy; but the question which lies at the threshold of this appeal is the right *vel non* of the garnishee to complain of the judgment rendered in the court below, and from which the appeal to this court is prosecuted.

Appellee's judgment against Fitzgerald is not void; Fitzgerald's discharge in bankruptcy being simply a bar to the enforcement thereof, if pleaded, and in a proceeding to enforce a judgment rendered against a bankrupt during the pendency of the bankruptcy proceedings the right to plead a discharge rendered in such a proceeding "is personal to the bankrupt, and where he does not rely thereon it cannot be set up by another." 7 C. J. 415 et seq.; Collier on Bankruptcy (10th Ed.), 365. The cases cited by counsel for appellant to the contrary deal with judgments rendered within four months prior to the filing of the petition in bankruptcy, and have no application here.

Our statutes do not provide any special procedure by which a discharged bankrupt can be relieved of a judgment against him, prior to his discharge; but there are at least two ways by which such relief can be obtained: First, by motion in the court rendering the judgment for a perpetual stay of execution. *Boynton* v. *Ball,* 121 U. S. 457, 7 Sup. Ct. 981, 30 L. Ed. 985; *Barnes Mfg. Co.* v. *Norden,* 7 Am. Bankr. Rep. 553; *Hellman* v. *Goldstone,* 161 Fed. 913, 88 C. C. A. 604, 20 Am. Bankr. Rep. 539. Second, by motion to quash any process issued thereon.

Fitzgerald, therefore, had the right to seasonably move the justice of the peace to quash the writ of garnishment; but the garnishee did not. Consequently the garnishee, the only appellant here, has no right to complain of the judgment by which the court below declined to quash the writ and directed it to pay the money due by it to Fitzgerald to appellee. If appellant owes Fitzgerald the money, and by its failure to deny owing him we must presume that it does, whether it pays the money to Fitzgerald or to appellee can be no concern to it, provided only it is protected from having to pay it twice.

But it is said by counsel for appellant that Fitzgerald's motion to quash the writ was decided in his favor in the court below; therefore he has nothing from which to appeal. We do not so understand the record, for the only judgment rendered directed appellant to pay the money to appellee, thereby necessarily denying Fritzgerald's motion that the writ of garnishment be quashed.

*Affirmed.*