In re NATOW BROS. Petition of KELTER et al. Petition of EAGLE FELT WORKS.

(District Court, E. D. Michigan, S. D. August 26, 1922.)

No. 5444.

1. Bankruptcy ⊕⟹391(1)—Court without power to authorize creditor to sue in state court.

Where bankruptcy court has not enjoined creditor from suing in state court for fraud in obtaining credit, it is not within its power or province to authorize or "permit" such suit to be brought.

2. Bankruptcy ⊕⟹318(3)—Claim for fraud in obtaining credit "provable debt."

Under Bankruptcy Act, § 63a (4), being Comp. St. § 9647, liability arising from the obtaining of credit by fraud is a "provable debt," as the tort may be waived, giving a cause of action on implied contract.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Provable Debt.]

3. Bankruptcy ⊕⟹363—Proof of claim on contract not election, defeating right to sue for deceit.

The proof and allowance of a claim in a definite sum as one founded on contract does not necessarily indicate such election on part of creditor

---

⊕⟹For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

as will deprive it of right to sue bankrupt in proper court and proceeding for damages sustained through actionable deceit in obtaining credit.

4. Bankruptcy ⊜═387—Denial of leave to withdraw claim does not change effect of discharge by composition.

The effect of a bankrupt's discharge on confirmation of a composition under Bankruptcy Act, §§ 14c, 17a (2), being Comp. St. §§ 9598, 9601, on the rights and liabilities of the parties, will be neither enlarged nor diminished by the bankruptcy court's determination of the question whether creditor is entitled to withdraw his claim from the bankruptcy proceedings.

5. Bankruptcy ⊜═387—Creditor not entitled to withdraw claim after confirmation of composition.

The right to withdraw a claim in bankruptcy is analogous to the right to discontinue actions and suits, and after confirmation of a composition a creditor cannot withdraw his claim, in order to sue for deceit in obtaining credit.

In Bankruptcy. Petition by David Kelter and others to have Natow Bros. adjudged bankrupt. On petition of the Eagle Felt Works for leave to withdraw its claim and sue in the state court. Petition denied without prejudice.

Fred H. Aldrich and C. E. Kephart, both of Detroit, Mich., for petitioner.

Henry P. Seaborg, of Detroit, Mich., for bankrupt.

TUTTLE, District Judge. This is a petition by the above-named creditor of the bankrupt, praying for an order permitting it to withdraw its claim from the bankruptcy proceedings herein and to bring suit against the bankrupt in a certain state court of Michigan upon said claim. The proof of said claim filed by petitioner stated that the bankrupt was—

"indebted to the said corporation [the petitioner] in the sum of $1,167; that the consideration of said debt is as follows: Goods, wares and merchandise, as per statement attached, delivered to the bankrupt in reliance upon a financial statement of September 10, 1921, and the same became due on the 14th day of April, 1922, as per statement of said account hereto annexed and made a part hereof."

The said statement shows charges and credits, leaving a balance due to the petitioner in the aforesaid sum.

The petition in bankruptcy, which was involuntary, was filed April 20, 1922. The schedules filed by the bankrupt April 25, 1922, listed the claim of petitioner in the aforesaid amount. On April 25, 1922, the bankrupt filed an offer of a composition of 20 per cent. cash of the claims of creditors allowed or to be allowed, except those entitled to priority. On May 8, 1922, the said proof of claim of the petitioner was filed, which claim was, on the same day, proved and allowed. On May 9, 1922, the said offer of composition was accepted, at a meeting of creditors, by a majority in number and amount of creditors whose claims had been allowed; the present petitioner, neglecting to vote in favor of such composition, was treated and counted the same as if voting in the negative. After the necessary proceedings had been taken and held, pursuant to the legal provisions applicable to a com-

⊜═For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

position in bankruptcy, including the deposit by the bankrupt of the amount of money required for that purpose, and it appearing to this court that said composition was for the best interests of the creditors, on June 13, 1922, an order was duly made and entered confirming such composition. On the same day an order was entered, directing the distribution of the aforesaid deposit according to the terms of the composition.

On July 20, 1922, the present petition was filed. Petitioner alleges therein that it was induced to ship to the bankrupt the goods upon which its claim is founded, and to extend credit therefor, by a certain false financial statement made and furnished to it by the bankrupt, on which statement petitioner relied, and that from an examination of the statements and books of the bankrupt during the bankruptcy proceedings (after the delivery of said goods) petitioner believes that the said statement was false. It prays, as already stated, that it may be permitted to withdraw its claim filed in the bankruptcy proceedings, and to bring suit thereon against the bankrupt in the circuit court for Wayne county, Mich., for the reasons that said claim is not provable in bankruptcy and is not dischargable in bankruptcy.

The arguments of counsel have taken a somewhat wide range, and it may be helpful to point out what questions are, and what are not, properly before the court at this time.

[1] 1. In the first place, it seems too plain for discussion that it is not within either the power or the province of this court to authorize or to "permit" the petitioner to bring suit against the bankrupt in the "circuit court for the county of Wayne, Mich.," as prayed, or in any other court. This court has not enjoined petitioner from bringing such a suit in any such court on this, or on any other, claim. This petition, therefore is not, and cannot be treated as, an application to dissolve an outstanding injunction of this court. Upon what basis or on what theory such an order could be issued, or, if issued, would be of any legal force or effect, it is difficult to understand.

[2] 2. Under section 63a (4), Bankruptcy Act (Comp. St. § 9647), a debt founded "upon a contract express or implied" is provable in bankruptcy. The language quoted includes a liability which *may* give rise to a right of action ex contractu, and a tort which, as here, has enriched the wrongdoer, may be waived by the victim, with a resultant cause of action in the latter to sue on the contract implied from such tort. Therefore a liability arising from such a tort is a provable debt within the meaning of the Bankruptcy Act. Crawford v. Burke, 195 U. S. 176, 25 Sup. Ct. 9, 49 L. Ed. 147; Tindle v. Birkett, 205 U. S. 183, 27 Sup. Ct. 493, 51 L. Ed. 762; Friend v. Talcott, 228 U. S. 27, 33 Sup. Ct. 505, 57 L. Ed. 718. Petitioner, therefore, is not entitled to any relief upon the ground that its claim is not based on a provable debt. Moreover, even if such claim were withdrawn, or had never been filed, it would still represent a provable debt. Crawford v. Burke, supra.

[3] 3. Since, then, the question whether this claim be on file, and, if so, in what form, is not material in determining whether it is one in contract or in tort, the proof and allowance thereof in a definite

sum as a claim founded upon contract does not necessarily indicate such an election on the part of the petitioner as will deprive it of the right to sue the bankrupt in a proper court, and proceeding for any damages sustained by it through actionable deceit. Friend v. Talcott, supra. Petitioner, therefore, cannot base his asserted right to withdraw his claim upon the contention that a denial of such right may result in petitioner's being bound by an election between inconsistent remedies.

[4] 4. Section 14c of the Bankruptcy Act (Comp. St. § 9598) provides that—

"Confirmation of a composition shall discharge the bankrupt from his debts, other than those agreed to be paid by the terms of the composition and those not affected by a discharge."

It would seem clear, from the provision just quoted and from the language of section 17 (2) of the Bankruptcy Act (Comp. St. § 9601), providing that "a discharge in bankruptcy shall release a bankrupt from all of his provable debts, except such as * * * are liabilities for obtaining property by false pretenses or false representations," that if the debt claimed to be due to petitioner is a liability of the kind thus excepted from a discharge, it would not be affected by the discharge of the bankrupt effected by the confirmation of the composition. The effect, however, of said discharge upon the rights and liabilities of the parties hereto, is not now before this court for disposition, and will be neither enlarged nor diminished by the determination of the question whether petitioner is entitled to withdraw its claim from the bankruptcy proceedings, which is the only question now involved. In re Marshall Paper Co., 102 Fed. 872, 43 C. C. A. 38 (C. C. A. 1); In re Weisberg (D. C.) 253 Fed. 833. As was said by this court in the case last cited:

"Nor has the bankruptcy court, in which such discharge has been granted, jurisdiction to determine the effect thereof in a state court in which an action against the former bankrupt is pending, or to interfere with the proceedings in that court. Questions as to the effect therein of such discharge must be left to the decision of the court in which the action is pending. In re Rosenthal (D. C.) 108 Fed. 368; Hellman v. Goldstone, 161 Fed. 913, 88 C. C. A. 604; In re Lockwood (D. C.) 240 Fed. 161."

[5] It is undoubtedly true that under certain circumstances, not presented here, and at an earlier stage in bankruptcy proceedings than that which has been reached in this case, permission should be granted to withdraw a claim after proof thereof has been filed. In re Baxter (D. C.) 12 Fed. 72; In re Strickland (D. C.) 167 Fed. 867; In re Stewart (D. C.) 178 Fed. 463. The right to such withdrawal is analogous to, and is to be tested by the principles governing, the right to discontinue actions at law and suits in equity in general. It is obvious and settled that such actions and suits may not be discontinued after final judgment or decree. So here, after the entry of the order of confirmation of the composition, the effect of which has been to discharge all scheduled dischargeable debts, it is too late for petitioner to discontinue the legal proceedings which he has taken a part in prosecuting. If the debt on which the claim of the petitioner is based is discharge-

able, within the meaning of the Bankruptcy Act, it has already been discharged (Lesser v. Gray, 236 U. S. 70, 35 Sup. Ct. 227, 59 L. Ed. 471), and cannot be revived. Likewise, if such debt be excepted from the operation of such discharge, it is still in force, and petitioner is entitled to take proper steps to enforce its collection.

No authority has been called to my attention, and I have been unable to discover any, to the effect that at this stage the bankruptcy proceedings can be discontinued, either wholly or in part, as would be the result, in essence and substance, of the withdrawal of this claim. It would, of course, be a vain and idle thing to permit the petitioner to receive from the files of the court its proof of claim, which is merely the document constituting the formal evidence of its claim. The claim itself cannot, as has been pointed out, be withdrawn.

For the reasons stated, the petition must be denied, without prejudice to any other rights which plaintiff may have; and it is so ordered.