BUSBY *v.* MERCHANTS' & MANUFACTURERS' BANK.

(Division A. Jan. 5, 1931.)

[131 So. 645. No. 29070.]

844

**Shannon & Schauber,** of Laurel, for appellant.

**J. T. Taylor,** of Ellisville, for appellee.

**Smith, C. J.**, delivered the opinion of the court.

The appellee recovered a judgment in a court of a justice of the peace against Townsend for ninety dollars, and had it enrolled in the office of the circuit clerk, by whom a writ of garnishment was issued thereon against "W. L. Busby, Chancery Clerk," returnable to the court of the justice of the peace who rendered the judgment. This writ was served personally on Busby, but he failed to appear and answer it on the return day; and a judgment nisi was rendered against him by the justice of the peace for the amount of Townsend's judgment, directing a scire facias to be issued commanding him to appear at a subsequent term of the court and show cause why the judgment should not be made final. The scire facias was issued, returnable to a latter term of the court, and served on Busby. On the return day thereof, Busby filed a motion to set aside the judgment nisi and quash the writ of garnishment, alleging that the writ is void "because it is an attempt to seek or impound funds belonging to Jones county, Mississippi, a political subdivision of the state

of Mississippi, without its consent." This motion was overruled, and judgment final was rendered.

On an appeal to the county court, Busby sought to introduce testimony to the effect that the only property in his hands belonging to Townsend consisted of two county warrants issued by him as chancery clerk to Townsend, who was a constable, pursuant to an order of the board of supervisors, for money due Townsend by the county for official services. This evidence, on motion of the judgment creditor, was excluded. Busby's motion to quash the writ of garnishment was then overruled and a judgment was rendered against him and the sureties on his appeal bond in favor of the judgment creditor for the amount of the judgment on which the writ of garnishment was issued. On appeal to the circuit court, the judgment of the county court was affirmed.

Section 2341, Code 1906, section 2057, Hemingway's Code 1927, provides that: "If the garnishee be not personally served, and make default, judgment nisi shall be rendered against him, and a scire facias awarded, returnable to the next term, unless the court be satisfied that the garnishee can be personally served at once, in which case it may be returnable instanter." The garnishee here was personally served with the writ for the requisite time before the return day thereof, and, therefore, under section 2345, Code 1906, section 2061, Hemingway's Code 1927, the justice of peace could have rendered a judgment final against him. The purpose of the judgment nisi was to give the garnishee another opportunity to answer the writ in accordance with the provisions of section 2342, Code 1906, section 2058, Hemingway's Code 1927.

Instead of filing a motion to quash the writ of garnishment, the garnishee should have filed an answer thereto in accordance with the statute, and had it appeared therefrom that he did not owe, or have in his hands property

belonging to, the judgment debtor, and issue had been taken thereon, the evidence he sought to introduce in the county court would have been competent; and if the county warrants which had been issued to the judgment debtor were not subject to garnishment—as to which we express no opinion—the garnishee would have been entitled to a discharge from liability therefor to the judgment debtor. In default of an answer to the writ of garnishment, no issue was presented for trial, and, consequently, the offered evidence was properly excluded.

Affirmed.