ENGLAND MOTOR CO. *et al. v.* GREENVILLE COMMERCIAL BODY CO.

(Division A.  Jan. 11, 1932.)

[138 So. 591.  No. 29703½.]

Wynn & Hafter and **J. A. Lake, Jr.,** all of Greenville, for appellants.

Percy, Strauss & Kellner, of Greenville, for appellee.

Argued orally by **J. A. Lake, Jr.**, for appellants, and by **Ernest Kellner**, for appellee.

**McGowen, J.**, delivered the opinion of the court.

The facts in this case, in the main, are stated on a former appeal of this case in the opinion of the court in O'Bannon v. Greenville Commercial Body Co., 159 Miss.

68, 132 So. 87, wherein this court dismissed the appeal of O'Bannon and England Motor Company, because the motion of O'Bannon to be allowed to quash the garnishment proceeding on account of his discharge in bankruptcy, and also the motion of the England Motor Company to be allowed to file an answer denying the indebtedness, filed at the term of court in which a judgment was rendered against it, as garnishee, for want of an answer, was then still pending.

The paper filed before the return day of the process in the garnishment proceeding by the England Motor Company, as garnishee, was not an answer, but simply an effort to set up a plea of discharge in bankruptcy of the debtor, O'Bannon. Reference to the record in the former appeals of this case discloses that this paper was filed some months before the return day. The writ of garnishment was returnable June 16, 1930. A judgment was rendered against the garnishee on June 17, 1930, the second day of the term, at which time, when the judgment complained of in this case was rendered, it appeared that counsel for the garnishee on the same day, and at the time the court had announced judgment against it, moved the court for leave to file an answer denying indebtedness in statutory form, and at the same time O'Bannon, the debtor, moved the court to be permitted then to file his motion to quash the garnishment proceeding, and tendered a certified copy of his discharge in bankruptcy, granted by the bankruptcy court on January 25, 1930. The court declined to entertain these motions made prior to the actual entry of the judgment against the garnishee, announcing that the motions were, in its words, "overruled, for the reason that the case is closed and judgment has already been rendered in favor of the plaintiff, the Greenville Commercial Body Company."

At the same term of court, on June 23, 1930, the garnishee filed its amplified motion, accompanied by its answer denying its indebtedness, for permission to file

said answer, and to have the judgment rendered theretofore against it vacated, and O'Bannon, the judgment debtor, filed his formal motion to be allowed to intervene with a motion to quash or dissolve the garnishment proceeding, and in connection therewith formally filed a certified copy of his discharge in bankruptcy. These motions were not disposed of at that term of court, but, on June 23, 1931, at a regular term of the court, they were taken up and overruled by the court. Then having become a final judgment against both the garnishee and the judgment debtor, they prosecute an appeal here.

Of course, the effort of the garnishee to set up the discharge in bankruptcy of the judgment debtor was not in answer to the garnishment writ as required by section 1843, Code 1930. The garnishee was without authority to set up the bankruptcy proceeding, including the discharge. That was a matter personal to the debtor. At the moment the court rendered the judgment by default for want of an answer, it was advised that the judgment debtor desired then to file his motion to quash or dissolve the garnishment proceedings, and he exhibited to the court enough to show that the motion to quash on its face was meritorious, and in the event that motion prevailed, the judgment against the garnishee would be improper if the garnishment proceedings be stayed, for the judgment debtor had a right to seasonably appear in court.

O'Bannon had two ways open to him to effectually dispose of the judgment in favor of the judgment creditor herein: First, by a motion in the court rendering the judgment for a perpetual stay of execution; second, by a motion to quash any process thereon. If O'Bannon had appeared in court and filed his motion, offered all these motions on Monday, the day before the judgment was rendered in this case against the garnishee, upon a trial of the issue successfully, it would have effectually disposed of the judgment perpetually in so far as it affected

any debt owing to him by the garnishee. See Alabama Great Southern Railroad Co. v. Crawley, 118 Miss. 272, 79 So. 94. The certified judgment of the court in bankruptcy, on its face, properly pleaded, appears now, and must have appeared to the lower court, to be a perpetual bar to the enforcement of the judgment of the Greenville Commercial Body Company. Of course, O'Bannon should not have relied on the effort of the garnishee to make defense for him. He was one day late in presenting his motion. Shall we say that because of this mistake in judgment as to the procedure, he shall be denied a hearing on his defense in court? We think not. Of course, there would have been some delay to the judgment creditor incident to the court's permitting this defense to be interposed thus late.

In virtue of section 1846, the garnishee against whom a judgment is rendered by default for want of an answer may, during that term, show cause for setting aside such judgment. The judgment by default against the garnishee appears to be considered and treated as a judgment nisi, which becomes final if cause is not shown to the contrary. As an illustration, let us suppose in this case that O'Bannon had, at the time and in the manner illustrated in this case, appeared in court by proper pleading, exhibited to the court a receipt in full satisfaction of the original judgment and costs, and showing on its face a cancellation and extinguishment of that judgment, would this not be considered a cause for allowing the showing to be made on behalf of the judgment debtor, and when so shown is it not bound to operate in the mind of a reasonable man as a cause sufficient to set aside a judgment by default against the garnishee? This term of court might under the law continue for three weeks.

We think the penalty inflicted is too severe even in a law court. The solicitors presenting the case on his behalf evidently misconceived the method of procedure. A

plea of discharge in bankruptcy is as effective in the eyes of the law as a successful plea of payment.

We have examined, with reference to this announcement, the cases cited by counsel for appellee, Green v. Robinson, 3 How. 105; Thompson v. Williams, 7 Smedes & M. 270, and have also examined the case of Busby v. Merchants' & Manufacturers' Bank, 158 Miss. 843, 131 So. 645, which latter case, counsel states, is on all fours with the case at bar. In this view he is mistaken. In that case after judgment nisi had been entered against the garnishee and process had thereon, the garnishee did not make answer as required by statute.

We do not wish to be understood as approving on the part of litigants any effort on their part to experiment with the court—to try one plan of defense and, failing, then seek to be allowed to interpose another. But in this case, we think the court and parties were promptly advised, and the case called so early in the term of court as not to amount to any appreciable delay in bringing the merits of the controversy fairly to trial. The court, in its sound discretion, should have permitted the motion to quash the garnishment proceedings to be filed, and should have permitted the garnishee to file an answer in accordance with the facts and in response to the writ of garnishment served upon it.

We are therefore of opinion that the court should have set aside the judgment by default against the garnishee, and thereupon should have heard the motion to quash the issues thus presented.

It is sufficient to say that O'Bannon was vitally interested in the original judgment entered against him, in having it stayed, and in having the garnishment proceedings quashed.

Reversed and remanded.