Hussey *v.* Hussey, et al.

No. 39714 September 26, 1955 82 So. 2d 442

858

*Wynn, Hafter, Lake & Tindall,* Greenville, for appellant.

*Kellner & Kellner,* Greenville, for appellee.

McGEHEE, C. J.

This appeal is from a final order or decree of the Chancery Court of Washington County setting aside a judgment against a garnishee rendered on July 17, 1953, for the sum of $750 and costs, where the garnishment was issued on March 14, 1953, on a decree for alimony rendered in favor of the appellant Anna Rita Hussey against her husband John Henry Hussey on October 3, 1951. The decree in favor of the appellant was for a divorce, a lump sum amount of $750 as alimony for the support of said appellant, payable at $75 per month, and for alimony in the same amount per month in favor of their two children. No answer was filed nor other contest made by the defendant in that suit, and no appeal was taken from the divorce and alimony decree.

The appellee John Henry Hussey had failed to pay any part of the alimony awards against him, and a writ of garnishment was issued at the instance of his former

wife on March 14, 1953, against the Planters Hardware Company, a corporation at Yazoo City, Mississippi, whe the judgment debtor had been working since September 1952. The writ of garnishment was duly, legally and personally served on the secretary-treasurer of the said corporation on March 16, 1953. The writ commanded the garnishee to answer at the July 1953 term of the chancery court at Greenville in Washington County, wherein the divorce and alimony decree had been rendered; and the writ required, in substance, that the garnishee should answer under oath in the manner provided for under Section 2788, Code of 1942.

On March 21, 1953, the garnishee, instead of answering the writ under oath as required by law, wrote a letter to the chancery clerk at Greenville reading as follows:

"Please be advised that Mr. John H. Hussey, Jr. left the employment of Planters Hardware Company March 14, 1953. At the time he left, he was paid in full any amount of money that we owed him. We are giving you this information for your case No. 17280 Garnishment Writ of Anna Rita Hussey.

"If there is any further information you need pertaining to this, we shall be more than glad to supply same."

There is a notation, made by the chancery clerk on this letter, showing that he notified the attorneys of the judgment creditor as to the contents of this letter. However at the July 1953 term of the said chancery court, the judgment creditor obtained a final decree against the garnishee for the said sum of $750 and all costs, upon the failure of the garnishee to have answered the writ in the manner provided by law on or prior to the return term thereof. No motion was made or other steps taken by the garnishee to have the decree against it set aside by showing good cause therefor during that same term of court nor at any time until March 15, 1954, when it filed its motion to set aside the decree against it as garnishee, (1), on the ground that: "It appears upon the

face of the record in this cause (meaning the divorce proceedings wherein the alimony decree was rendered on October 3, 1951) that this court was without jurisdiction to render the aforesaid decree * * * ,'' and, (2), that the garnishee did not owe the judgment debtor any sum of money at the time of the service of the writ of garnishment, and that this fact was made known to the attorneys for the judgment creditor on March 21, 1953, by the letter of the garnishee to the chancery clerk at that date, long prior to the taking of the judgment against the garnishee on July 17, 1953.

The contention of the appellees that the Chancery Court of Washington County did not on October 3, 1951, have jurisdiction of the subject matter and of the parties to render a money decree against the appellee John Henry Hussey for alimony is based primarily on the fact that he was sued as a nonresident defendant in the divorce and alimony proceeding, process by publication was prayed for and obtained on him and that the decree thereafter rendered was based upon personal service of process had on him in Hinds County, Mississippi, on August 18, 1951, long prior to the rendition of the divorce and alimony decree on October 3, 1951, and subsequent to the completion of the publication of process on him as a nonresident of the State, and that the decree had been rendered without the bill of complaint having been first amended so as to allege that since the filing thereof the defendant had resumed his residence in the State.

We do not think that there is any merit in the contention first above stated for the reason that the bill of complaint as sworn to had affirmatively alleged the necessary jurisdictional facts to give the Chancery Court of Washington County full jurisdiction of the subject matter — the marital relationship between the complainant and defendant in that suit. The bill then sufficiently alleged that the complainant was a resident of that county at the time of the filing of the bill of complaint and had

continuously been a resident thereof for more than twelve months next preceding the filing of the bill of complaint, and there were facts alleged sufficient to show that the parties separated in that county. It was therefore immaterial whether the defendant was a non-resident or a resident of this State at the time of the filing of the suit.

Wherefore when personal service of process was had on the defendant in this State for more than thirty days prior to the October 1951 term of court, there was jurisdiction both of the subject matter and of the parties so as to enable the court to render a valid divorce and alimony decree. Moreover, the trial court held that the decree of divorce was valid, and there is no cross assignment of error as to this ruling. But the trial court was of the opinion that the alimony decree was void on the ground that process by publication had first been had on the defendant as a nonresident, and that the personal service of process on him was obtained thereafter without the bill of complaint having been amended. No controlling decision has been cited to support the view that after process has been had on a defendant as a nonresident by publication, the court could not, having already acquired venue jurisdiction of the subject matter, thereafter obtain jurisdiction to render a personal decree against him upon personal service of process in this State.

As to the second ground of the motion to set aside the judgment rendered against the garnishee, the fact of no indebtedness due the judgment creditor, as therein alleged, was one that should have been asserted in the garnishee's answer to the writ of garnishment.

This brings us to a consideration of the question of whether or not the writing of the letter of March 21, 1953, to the chancery clerk by the defendant garnishee, Planters Hardware Company, and which was filed by the clerk among the papers in the cause, was a sufficient answer to the writ to preclude the taking of the final

judgment by the judgment creditor against the garnishee at the return term of the writ of garnishment, and without such purported answer being contested on the ground of its noncompliance with the statutory requirements, and without further notice to the garnishee so as to afford an opportunity for the purported answer to be amended and put in proper form and sworn to.

To trace the history of our statutes, and of the decisions of this Court construing the same, when a garnishee has failed to properly respond to a writ of garnishment, we find that Article 25, Chap. 52, at p. 379 of the Code of 1857, and Section 1442, Code of 1871, and Section 2446, Code of 1880, read in part as follows:

"When any garnishee duly summoned, shall fail to appear, and discover as by this act directed, the court shall enter a judgment against him for the amount of the plaintiff's demand, and all costs, and such judgment shall be final, unless cause be shown to the contrary during the same term, * * * ."

Then we find that Section 2138, Code of 1892, Section 2345, Code of 1906, Section 1940, Hemingway's Code of 1917, Section 1846, Code of 1930 and Section 2798, Code of 1942, read as follows:

"If a garnishee, *personally summoned,* shall fail to answer as required by law, or if a scire facias on a judgment nisi be executed on him, and he fail to show cause for vacating it, the court shall enter a judgment against him for the amount of the plaintiff's demand and all costs, and such judgments shall be final, unless cause be shown to the contrary during the same term, * * * ." (Italics ours).

Since the Code of 1892 our codes have contained the further additional provision which reads in part as follows:

"* * * if the garnishee be not personally served, and make default, judgment nisi shall be rendered against him, and scire facias awarded, returnable to the next term, unless the court be satisfied that the garnishee

can be personally served at once, in which case it may be returnable instanter.''

It will be noted that beginning with Section 2138, Code of 1892, the words ''duly summoned'' as they appeared in former statutes were changed to ''personally summoned.'' But we do not think that this is controlling on the question before us, but that the precise question that we must now decide is whether or not there was a failure to answer the writ of garnishment by the appellee Planters Hardware Company, within the meaning of our previous decisions, or whether the answer filed by it in the case in response to the writ of garnishment was merely defective and an insufficient compliance with the statutory requirements in regard thereto, such as would entitle the judgment creditor to challenge its sufficiency upon the return term thereof and require a fuller answer, and to require the same to be sworn to in compliance with the statutory requirements.

A brief review of the reported cases is necessary to a determination of this question.

In the case of Holmes v. Herndon, 31 Miss. 296, the Court rendered a per curiam opinion reading in full as follows: ''The court rejected the answer of the garnishee, and rendered a final judgment against him for the amount of the judgment. This was error; the court, on striking out the answer, could only render such judgment as could be rendered if no answer had been filed.'' But the syllabus states that under such circumstances ''Judgment nisi should be entered, as if no answer had been filed.''

In Columbus Insurance & Banking Company v. Hirsh, 61 Miss. 74, the Court said: ''It is true that the service of the writ binds any money belonging to the defendant that he may receive between the time of service and the return day of the writ (Code 1880, Section 2442), so that if the plaintiff desires a disclosure on this subject he may call for a fuller answer, but in such case a reasonable time must be given for amending the answer, even if

it necessitates a continuance of the case. Such time was not here given. Judgment reversed.''

In the case of Little v. Nelson, 61 Miss. 672, decided in 1884, when Section 2446 of the Code of 1880 was in full force and effect, the Court said:

''Where a person is summoned as garnishee and fails to appear and answer the writ, the law proceeds on the presumption that he admits a debt to be due by him to the defendant equal to the sum of the plaintiff's demand, and on this assumption permits a judgment to be taken against him; but when he appears and files an answer by which it is apparent that his purpose is to deny the existence of a debt and to deny his possession of property of the defendant, but if the answer is inartificially drawn or fails to strictly conform to the statutory requirements, the plaintiff cannot be permitted to strike the answer from the files or to ignore it and take judgment for his debt.

''If he desires a fuller disclosure, he may, by proper objections to the answer, compel the garnishee to amend it; and if he fails or refuses to amend when his attention is called to the defect, he will be treated as electing to stand by the answer as made, and his liability will be tested by its terms.

''It was, however, not intended by the statute to place garnishees upon any less favorable footing in the courts than are other defendants, nor to fix them with liability because of a slip in answering. We must construe the statute on this subject in the light of other provisions in the code on the subject of pleadings and practice. The same liberality must be extended to the garnishee, and a judgment ought not to be rendered on an answer where, if the same matter was stated in a plea, the plaintiff would be required to reply or demur. The defect in the answer of the garnishee consisted in his not negativing the fact of indebtedness or possession of property of the defendant at the time of service of the writ or in the interval between such service and the filing of the answer.

The denial of liability because of no indebtedness at one time is explicitly shown, but there is a failure to exclude liability because of the facts existing at another.

"In the recent case of Columbus Insurance and Banking Company v. Hirsh & Loenstein, ante 74, it was held that the creditor was entitled to subject to his demand any sum which the garnishee might owe to the defendant at any time before the third day of the term to which the writ was returnable, but that where an answer had been filed before the commencement of the term, the plaintiff could not take judgment on the ground that the answer did not exclude the fact of indebtedness during the whole time in which the answer might have been filed, but that it devolved on the plaintiff to move for a further answer, and that the garnishee must be allowed a fair opportunity to amend his answer. For the same reason the plaintiff here should have required a more specific answer if she had reason to believe that the garnishee was endeavoring to suppress facts which showed his liability, but ought not to have treated the answer as a nullity.

"The judgment is reversed."

In the case of Liverpool & London & Globe Insurance Company v. Threefoot Brothers & Company, 71 Miss. 392, 15 So. 120, the Court held that a "Judgment against the garnishee was unauthorized, in view of the appearance and attempt to comply with the summons of garnishment. Little v. Nelson, 61 Miss. 672; Insurance Company v. Hirsh, 61 1 b. Miss. 74." It was the contention in that case that the paper filed by the garnishee did not purport to be an answer as to any indebtedness to the defendant, but was a mere certificate in reference to loss under a policy which had been voided, and the syllabus to the case stated that "It is error, without notice to the garnishee an opportunity to amend, to render judgment as for want of an answer."

In the case of Engle Motor Co., et al. v. Greenville Commercial Body Company, 163 Miss. 22, 138 So. 591,

the garnishee attempted to set up debtor's discharge in bankruptcy, and judgment was rendered against the garnishee. The Court held that the garnishee should have thereafter been permitted to file an answer in accordance with the facts, where he sought to do so at the same term of court, as he undertook to do.

But whether the garnishee in the instant case was required at all events to file its motion to set aside the default judgment against it during the same term of court at which it was rendered in July 1953 instead of waiting until March 15, 1954, here is to be determined in a court of equity by the following considerations: (1) The garnishee had attempted to file an answer wherein it was stated that the judgment debtor left the employment of the garnishee on March 14, 1953, and that at the time he left he was paid in full any amount of money that the garnishee owed him. It is true that the letter did not state whether the garnishee had since become indebted to the judgment debtor, and the purported answer was not sworn to. The judgment creditor was entitled to require that this purported answer should not only state whether the garnishee was indebted to the judgment debtor at the time of the service of the writ or had since become indebted to him, but also whether or not the garnishee had any property of the debtor in its hands, etc. The judgment creditor was entitled to challenge the sufficiency of the answer and to require that it be made fuller and that it be made under oath, but the purported answer further stated that "If there is any further information you need pertaining to this, we shall be more than glad to supply same." And this purported answer was called to the attention of the attorneys for the judgment creditor on March 21, 1953, long prior to the rendition of the judgment against the garnishee on July 17, 1953; (2) The chancellor was warranted in believing that since the garnishee was not thereafter apprised of the fact that his purported answer was thought to be insufficient, and unacceptable as an answer, it would

be the end of the matter and that no judgment would be taken against the garnishee unless it was notified that further information was desired, and which it had offered to supply if needed, and that consequently the garnishee was not negligent in failing to appear at the July 1953 term of the court to ascertain whether a fuller answer would be required, or in failing to move to set aside the judgment against it during the same term of the court; that (3) the time allowed by law for the garnishee to appeal from the judgment against it, rendered as for a failure to file any answer at all, had been permitted to expire before any demand was made upon the garnishee to pay the judgment; and (4) that the garnishee filed its motion to set aside the judgment at the next term of court after it had ascertained that a judgment had been rendered against it as garnishee for want of an answer to the writ of garnishment.

The case of Busby v. Merchants & Manufacturers Bank, 158 Miss. 843, 131 So. 645, is relied upon by the appellant as an authority for the proposition that where a garnishee is personally served for the requisite time before the return day of the writ a final judgment may be rendered against the garnishee for the amount of the original judgment and costs. But in that case the garnishee did not file even a purported answer so as to place the duty upon the judgment creditor to challenge its sufficiency and to ask for the same to be made fuller; there was a total failure to answer the garnishment in that case.

 We are of the opinion that within the meaning of the decisions of this Court hereinbefore quoted from the garnishee did not wholly make default but filed in due time a purported answer in a good faith effort to give the information called for by the writ, coupled with an offer to supply additional information if needed; and that the final judgment was unauthorized in the absence of some action on the part of the judgment creditor to challenge the sufficiency of the purported answer and to

require a fuller answer in accordance with the statutory requirements, and that the defects and insufficiencies of the purported answer were such as could have been cured by amendment if its sufficiency had been challenged at any time before the final judgment was taken against the garnishee.

The decree of the chancery court in setting aside the judgment against the garnishee, and which action of the court is appealed from by the judgment creditor, should be affirmed.

Affirmed.

*Roberds, Hall, Lee* and *Kyle, JJ.,* concur.