404 So.2d 320 (1981)
MISSISSIPPI ACTION FOR COMMUNITY EDUCATION
v.
Ward MONTGOMERY  Judgment Debtor Central Mississippi, Inc.  Judgment Creditor.
No. 52899.
Supreme Court of Mississippi.
October 7, 1981.
Walls, Buck & Irving, Robert E. Buck, Greenville, for appellant.
Donald W. Bond, Winona, for appellee.
Before ROBERTSON, BROOM and HAWKINS, JJ.
*321 ROBERTSON, Presiding Justice, for the Court:
Mississippi Action for Community Education (MACE) appeals from an Order of the Circuit Court of Holmes County, dismissing its "Declaration of Garnishee" filed August 28, 1980, in which declaration MACE prayed for the suspension of the execution of a writ of garnishment served on the First National Bank of Greenville, Mississippi, on a judgment against MACE.
On October 6, 1978, Central Mississippi, Inc. (CMI), recovered a $3,821.13 default judgment against Ward Montgomery. On December 10, 1979, CMI had a writ of garnishment issued and personally served on MACE to collect its judgment against Ward Montgomery, who worked for MACE. The garnishment writ was made returnable to the April, 1980, term of court, which term would begin April 7, 1980.
When MACE failed to answer the writ of garnishment, a default judgment was entered against MACE, as garnishee, on April 9, 1980, in favor of CMI for $4,598.75. On June 30, 1980, CMI filed a suggestion for writ of garnishment against First National Bank of Greenville. A writ of garnishment was accordingly issued against FNB on the judgment against MACE which, with interest and court costs, amounted to $4,807.70. The writ of garnishment was made returnable to the October, 1980, term of court which would begin on October 6, 1980. The writ was personally served on FNB on July 1, 1980. The bank answered on July 11, 1980, that it had a checking account of MACE and it paid into court $4,807.70. On July 14, 1980, the Circuit Clerk of Holmes County disbursed the proceeds paid into court to CMI, and the judgment against MACE was marked "Satisfied" by the Circuit Clerk on August 29, 1980.
On August 28, 1980, MACE filed its "Declaration of Garnishee" in the Holmes County Circuit Court, praying for an order "suspending the execution of Central Mississippi, Inc., judgment creditor against the checking account of garnishee and releasing the proceeds of said account heretofore paid into the Court." MACE further prayed "for an order limiting its liability herein to $350.00, the total sum of wages owed or that became owed to judgment debtor [Ward Montgomery] after the writ of garnishment herein was served on garnishee that were not exempt."
In its Order of November 5, 1980, dismissing the declaration of MACE, the Court said:
"In the opinion of this Court such action, on the part of Mississippi Action for Community Education comes too late, as Judgment against it became final in April. The Garnishment had against First National Bank, Greenville, Mississippi, which paid the proceeds of the Judgment into court, and the disbursement of these monies was accomplished in July, almost two months prior to Declaration of MACE.
"ACCORDINGLY, the relief requested is denied and the Declaration to suspend Execution is dismissed."
MACE assigns as error:
1. The lower court erred in dismissing the Declaration of Appellant and Denying the Relief Sought.
2. The Declaration of Garnishee was filed in a timely fashion.
MCA section 11-35-31 (1972) provides:
"If a garnishee, personally summoned, shall fail to answer as required by law, or if a scire facias on a judgment nisi be executed on him, and he fail to show cause for vacating it, the court shall enter a judgment against him for the amount of plaintiff's demand; and execution shall issue thereon, provided, however, that the garnishee may suspend the execution by filing a sworn declaration in said court showing the property and effects in his possession belonging to the debtor, and his indebtedness to the debtor, if any, or showing that there be none, if that be true; and by such act and upon a hearing thereon, the garnishee shall limit his liability to the extent of such property and effects in his hands, and such indebtedness due by him to the debtor, plus court costs and reasonable attorney's *322 fees of the judgment creditor in said garnishment action." [Emphasis added].
Since no answer was filed by MACE on or before the return day (April 7, 1980), of the writ of garnishment, the court, in accordance with the mandatory requirement of § 11-35-31 entered judgment on April 9, 1980, against MACE for the amount of CMI's demand.
The judgment against MACE became final when the April 1980 term of court ended, and the Circuit Court was powerless to set aside the judgment against MACE absent a showing of fraud, accident or mistake. Martin v. Armstrong, 350 So.2d 1353 (Miss. 1977), and Walker George v. Standard Oil Co., 239 Miss. 712, 124 So.2d 858 (1960).
More than 140 days elapsed between the entering of the default judgment against MACE and the filing of MACE's declaration in the Circuit Court. More than 100 days elapsed between the end of the April, 1980, term of court and the filing of MACE's declaration on August 28, 1980.
FNB of Greenville, as it had a right to do, did not wait until the return day (the October, 1980, term of court) to file its answer as garnishee, but filed it on July 11, 1980, after being served on July 1, 1980. Columbus Insurance and Banking Company v. Hirsh, et al., 61 Miss. 74 (1883); Hussey v. Hussey, et al., 224 Miss. 856, 82 So.2d 442 (1955); MCA § 11-35-27 (1972).
We agree with the Circuit Court that the declaration of MACE was filed too late. In harmonizing the apparently conflicting provisions of section 11-35-31, we interpret this language of the statute:
"[P]rovided, however, that the garnishee may suspend the execution by filing a sworn declaration in said court showing the property and effects in his possession belonging to the debtor, and his indebtedness to the debtor, if any, or showing that there be none, if that be true; and by such act and upon a hearing thereon, the garnishee shall limit his liability to the extent of such property and effects in his hands, and such indebtedness due by him to the debtor, plus court costs and reasonable attorney's fees of the judgment creditor in said garnishment action."
to mean that MACE, in order to suspend the execution of the writ of garnishment, must file a sworn declaration in the court before the garnishee (FNB) has answered and paid into court the funds caught by the garnishment. In other words, MACE can not wait to file a declaration to suspend the execution until the execution has been completed, the answer filed, the funds paid into Court and disbursed by the Clerk to the judgment creditor.
In the case at bar, the writ of garnishment was issued on June 30, 1980, personally served on FNB of Greenville on July 1, 1980, promptly answered by it, the funds paid into court on July 11, 1980, and the funds disbursed by the Circuit Clerk on July 14, 1980. The declaration was not filed until August 28, 1980, almost 2 months after the issuance of the writ of garnishment, and 1 month and 2 weeks after the funds had been completely disbursed.
The court was correct in ruling that the declaration was filed too late and in dismissing the declaration of MACE to suspend execution of the writ of garnishment.
AFFIRMED.
PATTERSON, C.J., SMITH, P.J., and SUGG, WALKER, BROOM, LEE, BOWLING and HAWKINS, JJ., concur.