## WILLIAM BERNARD v. FROMME.

(Supreme Court, Appellate Division, First Department.　May 7, 1909.)

1. PLEADING (§§ 214, 218*)—ADMISSIONS BY DEMURRER.

On demurrer, a complaint must be construed most favorably to the plaintiff, and its allegations taken as true.

[Ed. Note.—For other cases, see Pleading, Cent. Dig. §§ 525–534, 555; Dec. Dig. §§ 214, 218.*]

2. CONTRACTS (§ 129*)—PUBLIC POLICY—BANKRUPTCY LAWS.

An agreement by an attorney, who in the interests of certain clients and for his own pecuniary profit desired that a debtor should be put into bankruptcy, with a creditor to execute a petition to that end, in consideration whereof the attorney agreed to personally pay the creditor's claim, is not invalid as against public policy.

[Ed. Note.—For other cases, see Contracts, Dec. Dig. § 129.*]

3. CONTRACTS (§ 139*)—INVALIDITY—PARI DELICTO.

Assuming that the contract was invalid, the attorney and creditor were not in pari delicto, so as to permit the attorney to make defense to the action of the creditor for the claim agreed to be paid.

[Ed. Note.—For other cases, see Contracts, Cent. Dig. §§ 684–700; Dec. Dig. § 139.*]

Appeal from Trial Term, New York County.

Action by William Bernard, a corporation, against Isaac Fromme. From a judgment dismissing the complaint, plaintiff appeals. Reversed, and new trial granted.

Argued before PATTERSON, P. J., and INGRAHAM, CLARKE, HOUGHTON, and SCOTT, JJ.

Wales F. Severance, for appellant.
Samson Lachman, for respondent.

SCOTT, J.　Plaintiff appeals from a judgment dismissing its complaint upon the trial, but before the introduction of any evidence. The complaint alleges as a first cause of action that defendant, an attorney, being the attorney and counsel for one Rose F. Shanley, and also representing certain of her creditors, requested plaintiff, also a creditor of said Shanley, to join with others in a petition for the purpose of having said Shanley adjudicated a bankrupt, and promised plaintiff, if it would join in such petition, he (defendant) would personally pay plaintiff's claim against said Shanley; that defendant represented that it would be to his advantage to have the petition filed, in view of the fact that he and his clients would be enabled to receive various moneys by reason of the bankruptcy proceedings, and out of the bankrupt's estate, and from the receiver, and that the defendant would be enabled to receive certain fees and compensation in and about

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

the said legal proceedings; that plaintiff complied with this request, and signed the petition, which was used with the result that Shanley was adjudicated a bankrupt, and a receiver of her property was appointed; that defendant by reason of the premises received certain moneys, but has refused to pay plaintiff the amount of his claim. The complaint contains a second count, similar in all respects to the first, except that it is based upon the claim of another creditor, alleged to have been assigned to plaintiff.

The motion to dismiss at the opening of the trial was equivalent to a demurrer to the complaint for general insufficiency. The complaint must therefore be construed most favorably to the plaintiff, and its allegations must be taken as true. The dismissal is sought to be sustained upon the ground that the contract sued upon was illegal and contrary to public policy, and therefore unenforceable. Reduced to the plainest terms, that agreement was one by an attorney, who, in the interest of certain clients and for his own pecuniary profit, desired that a debtor should be put into bankruptcy, solicited plaintiff, a creditor, to execute a petition to that end, in consideration whereof he agreed to personally pay the plaintiff's claim. It may be that it was reprehensible for the attorney, because he was an attorney, to make such a promise in order to earn the fee and compensation which might be expected to flow to him from the bankruptcy proceedings; but it was not illegal for plaintiff to consent to sign the petition, or to agree to accept from the attorney personally, not from the bankrupt or her estate, the amount of his claim. Such an agreement did not tend to defeat the intention of the bankruptcy statute, because it had no tendency to prevent the due and proportionate distribution of the bankrupt's estate among her creditors.

A very different question is thus presented from that considered in numerous cases wherein a creditor, in consideration of a secret promise for the payment of his claims, has signed or joined in an application for the bankrupt's release. So, too, a very different case would be presented if the agreement had been that the bankrupt herself would pay plaintiff's claim in full. To join in a petition to cast the debtor into bankruptcy was in entire accord with the bankruptcy law, and was an act calculated to secure equality of payment among her creditors. As we find nothing in the agreement as pleaded to defeat the operation of the bankruptcy law, or contrary to its spirit, we are unable to agree that the complaint was rightly dismissed upon that ground. If we assume that the agreement was one which the defendant, as an attorney, should not have made, still he and the plaintiff did not stand in pari delicto in that regard, and the defendant may not plead the impropriety of his own acts by way of defense to plaintiff's claim. Irwin v. Curie, 171 N. Y. 409, 64 N. E. 161, 58 L. R. A. 830.

The judgment must be reversed, and a new trial granted, with costs to appellant to abide the event. All concur.