GEORGE B. MATTHEWS & SONS et al. v. JOSEPH WEBRE CO., Limited.

LOISEL v. DORNIER, Sheriff, et al.

(District Court, E. D. Louisiana. April 24, 1914.)

No. 1860.

1. BANKRUPTCY (§ 20*) — JURISDICTION OF STATE COURTS — FORECLOSURE OF MORTGAGE.

After the filing of an involuntary petition in bankruptcy, the state court had no jurisdiction to grant executory process to foreclose a mortgage on the real estate of the bankrupt, and its order of sale was void, since the jurisdiction of the bankruptcy court vested on the filing of the petition, and the title and possession were then in the bankrupt, who could hold it for the purpose of maintaining jurisdiction as well as a receiver or trustee.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. § 23; Dec. Dig. § 20.*]

2. BANKRUPTCY (§ 213*)—LIENS—ENFORCEMENT—FORECLOSURE OF MORTGAGE.

Where there was a growing crop on the mortgaged real property of a bankrupt which the trustee had been directed by the creditors to cultivate and harvest, the mortgagee would not be permitted to foreclose, though he might have any relief to which he would be entitled in equity, and, when the property was eventually sold, he could not suffer any diminution of right or be subjected to any greater expense than by a foreclosure in the state court.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. §§ 334–342; Dec. Dig. § 213.*]

3. BANKRUPTCY (§ 217*) — JURISDICTION OF STATE COURTS — FORECLOSURE OF MORTGAGE.

A trustee in bankruptcy by applying to a state court to set aside an order granting executory process for the foreclosure of a mortgage could not impair or affect the jurisdiction of the bankruptcy court to enjoin the foreclosure.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. §§ 323, 330, 340; Dec. Dig. § 217.*]

In Bankruptcy. Proceeding by George B. Matthews & Sons and others against the Joseph Webre Company, Limited. On petition by Victor Loisel, Trustee, for an injunction against Joseph B. Dornier, Sheriff, and others. Injunction issued.

W. B. Le Bourgeois and Ralph J. Schwarz, both of New Orleans, for trustee.

E. N. Pugh, of Donaldsonville, for mortgage creditor.

FOSTER, District Judge. [1] In this matter it appears that a petition for involuntary bankruptcy was filed against the Joseph Webre Company, Limited, on February 13, 1914. Seven days later Edward N. Pugh filed a petition in the Twenty-Seventh Judicial District Court for the parish of St. James, praying for executory process to foreclose a mortgage of $20,000 on practically all the real estate belonging to the bankrupt. Under the proceedings in the state court the sheriff attempted to seize the property on February 26th and proceeded

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

to advertise it for sale under the order of that court. On March 6, 1914, the Webre Company was adjudicated a bankrupt, and on March 20th a trustee was elected and qualified on the next day. Thereafter the trustee applied to the state court to have the order granting executory process set aside; but this was denied, on the ground that the title did not vest in the trustee until the date of the adjudication, before which time the proceedings in the state court had been entered, and on the authority of Hiscock v. Varick Bank, 206 U. S. 28, 27 Sup. Ct. 681, 51 L. Ed. 945.

Notwithstanding the high regard I have for the opinion of Judge Wortham, I am constrained to differ with him. In the Hiscock Case, supra, certain insurance policies were pledged to the bank, and the court found the bank had both title to and possession of the policies for more than two years before the filing of the petition. Naturally it declined to interfere with their sale under the provisions of a valid pledge. The same rule prevails where a state court has obtained jurisdiction by virtue of a seizure predicated upon a valid lien or hypothecation prior to the vesting of jurisdiction in the federal court. But in this case both the title to and possession of the property were in the bankrupt at the moment the petition for bankruptcy was filed, and the bankrupt could hold it for the purpose of maintaining jurisdiction of the bankruptcy court as well as a receiver or the trustee. Whitney v. Wenman, 198 U. S. 539, 25 Sup. Ct. 778, 49 L. Ed. 1157.

The question here presented is one of jurisdiction and not of title, and undoubtedly the jurisdiction of this court vested with the filing of the petition for bankruptcy. In Mueller v. Nugent, 184 U. S. 14, 22 Sup. Ct. 275, 46 L. Ed. 405, the court said:

"It is as true of the present law as it was of that of 1867 that the filing of the petition is a caveat to all the world, and in effect an attachment and injunction."

This doctrine has been repeatedly affirmed by the Supreme Court, with some differentiation at times it is true, according to the facts of the particular case; but the rule has always been applied to a state of facts such as are here presented. In Acme Harvester Co. v. Beekman Lumber Co., 222 U. S. 306, 32 Sup. Ct. 99, 56 L. Ed. 208, the court said:

"Whatever may be the limitations of the doctrine declared by this court, speaking by the late Chief Justice Fuller, in Mueller v. Nugent, * * * it is none the less certain that an attachment of the bankrupt's property after the filing of the petition and before adjudication cannot operate to remove the bankrupt's estate from the jurisdiction of the bankruptcy court for the purpose of administration under the act of Congress. * * * The filing of the petition is an assertion of jurisdiction with a view to the determination of the status of the bankrupt and a settlement and distribution of his estate. The exclusive jurisdiction of the bankruptcy court is so far in rem that the estate is regarded as in custodia legis from the filing of the petition. It is true that under paragraph 70a of the act of 1898 the trustee of the estate, on his appointment and qualification, is vested by operation of the law with the title of the bankrupt as of the date he was adjudicated a bankrupt; but there are many provisions of the law which show its purpose to hold the property of the bankrupt intact from the time of the filing of the petition, in order that it may be administered under the law if an adjudication in bankruptcy shall follow the beginning of the proceedings."

There are many decisions of Circuit Courts of Appeal to the same effect; but I consider it unnecessary to cite them.

As a matter of strict interpretation, under the bankruptcy law it would be immaterial whether the petition to foreclose was filed in the state court before or after the filing of the petition for bankruptcy, as the jurisdiction of the federal court is essentially exclusive. See In re Watts & Sachs, 190 U. S. 27, 23 Sup. Ct. 718, 47 L. Ed. 933. But in the exercise of that comity that is always observed by courts it is not likely that the jurisdiction of the state court would be disturbed in the matter of a foreclosure of a mortgage if it had in fact attached first, for the trustee is not bound to take possession of mortgaged property, unless it is for the benefit of all the creditors, and it makes little difference which court shall sell it and administer the proceeds. I have had occasion several times to grant permission to mortgage creditors to foreclose in the state court where the trustee offered no objection, and in the matter of McLoughlin, Trustee, v. Knop, Civil Sheriff, 214 Fed. 260, No. 14,662 of the docket of this court, a matter growing out of the bankruptcy of James J. Woulfe, where it appeared the petition to foreclose was filed in the state court before the adjudication in bankruptcy, and the order of seizure and sale was not executed until after the adjudication, I held that, as executory process was in the nature of an equitable levy, the jurisdiction of the state court attached with the filing of the petition, and the application of the trustee for an injunction was dismissed. In this case the Twenty-Seventh Judicial District Court was entirely without jurisdiction of the res, and the order of sale is necessarily void.

[2] The trustee sets up that there is a growing crop on the plantation, and that he has been directed by the creditors to cultivate and harvest same. If he is to follow these instructions, of course the mortgage creditor cannot be permitted to foreclose at this time. It would be competent for him, however, to come into this court and ask for any relief to which he would be entitled in equity, and when the property is eventually sold he could not, under the rules and orders of this court, suffer any diminution of right or be subjected to any greater expense than he would be by foreclosure in the state court.

[3] It is contended on the mortgage creditor's behalf that the trustee, having gone into the state court, is concluded by the judgment therein. Such, however, could not possibly be the case. No action of the trustee could impair or affect the jurisdiction of this court over the bankrupt's estate. U. S. Fidelity & Guaranty Co. v. Bray, 225 U. S. 205, 32 Sup. Ct. 620, 56 L. Ed. 1055.

The injunction will issue as prayed for.