### Petition of FRIEDLAENDER.

### In re WELLMADE GAS MANTLE CO.

(Circuit Court of Appeals, First Circuit. June 15, 1916.)

### No. 1188.

BANKRUPTCY ⬤⟹140(2)—JURISDICTION OF BANKRUPTCY COURT—BANKRUPT'S ESTATE.

Where a seller by replevin sought to rescind a contract for the sale of goods on the ground that they were obtained by fraud, but an involuntary petition in bankruptcy against the buyer was filed before judgment was had in the replevin suit, the bankruptcy court had jurisdiction to determine the question whether the seller was entitled to rescind, for title passed to the bankrupt, subject to the seller's right of rescission, and, judgment not having been rendered in the replevin suit, such title passed to the bankrupt's trustee. Donaldson v. Farwell, 93 U. S. 631, 23 L. Ed. 993, distinguished.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. § 219; Dec. Dig. ⬤⟹140(2).]

Petition for Revision of Proceedings of the District Court of the United States for the District of Massachusetts, in Bankruptcy; Jas. M. Morton, Judge.

In the matter of bankruptcy of the Wellmade Gas Mantle Company. Petition by Oscar O. Friedlaender against Philip W. Jacobs, as the trustee in bankruptcy, to revise a decree of the District Court (230 Fed. 502) affirming an order of the referee. Affirmed.

A. B. Cook, of Boston, Mass. (Phipps, Durgin & Cook, of Boston, Mass., on the brief), for petitioner.

Joseph B. Jacobs, of Boston, Mass. (Jacobs & Jacobs, of Boston, Mass., on the brief), for respondent.

Before PUTNAM and DODGE, Circuit Judges, and ALDRICH, District Judge.

PUTNAM, Circuit Judge. This is a petition to revise action in the District Court in a matter of bankruptcy. It is best stated in the language of the petition, as follows:

⬤⟹For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

"This is a petition to revise, in matter of law, an order of the District Court of the United States for the District of Massachusetts, entered on the 23d day of February, 1916, affirming a decree of the referee, restraining the petitioner from prosecuting a replevin action instituted by him in the municipal court of the city of Boston, and directing the said petitioner to turn over to the trustee in bankruptcy all property seized thereunder.

"From the agreed statement of facts it appears that the Wellmade Gas Mantle Company assigned, for the benefit of its creditors, to one David Stoneman, on February 8, 1915; and thereafter, on the 9th day of February, 1915, an involuntary petition in bankruptcy was filed in said District Court against it, upon which an adjudication was had on the 26th day of March, 1915.

"Six days after the filing of the petition in bankruptcy, and on the 15th day of February, 1915, the petitioner, Friedlaender, instituted an action of replevin in the municipal court of the city of Boston against said Stoneman, as assignee, to recover certain property to which Friedlaender asserted title and the right of possession, which said property the petitioner caused to be seized under his writ of replevin on the said 15th day of February, 1915. No receiver had then been appointed or applied for, nor had any restraining order been issued.

"On the 16th day of April, 1915, Philip W. Jacobs, Esq., was duly elected trustee, and thereafter filed a petition to restrain said Friedlaender from prosecuting his replevin action. Upon the 10th day of December, 1915, the referee entered an order restraining Friedlaender from prosecuting his suit, and directing him to turn over to the trustee the property so seized, from which order the said Friedlaender claimed this review by the District Court.

"Thereafter, and on the 23d day of February, 1916, the District Court ordered the decree of the referee affirmed, and from this order of the District Court this review is taken.

"The question presented by this review is whether the filing of a petition in bankruptcy in and of itself brings into custodia legis all property then in the possession of the bankrupt or its common-law assignee, whether owned by it or not."

The response to this petition depends upon the fact that there is a replevin writ in controversy which was taken out and served before the adjudication of bankruptcy, and consequently before the court appointed a trustee. It seems to be conceded, and, in fact, it must be conceded, that, if the adjudication in bankruptcy and the appointment of the trustee had preceded bringing the replevin suit, the goods in question would have become, at least ostensibly, a part of the assets of the estate in bankruptcy, so that, in accordance with the well-settled rules in bankruptcy, the trustee would have had qualified jurisdiction over the same.

The petition seems to rest upon the claim that, inasmuch as it is claimed that the goods were obtained by fraud, so that the sale was rescindable by the vendor, and the vendor had taken action by replevin suit to rescind the same, the goods are in no part assets of the estate.

Various cases are cited as sustaining this defense. Apparently with the rest is Blake v. Openhym, 216 U. S. 322, 30 Sup. Ct. 309, 54 L. Ed. 498, decided February 21, 1910. As this case is reported in the Supreme Court, it is not clear whether the facts which appear here appeared there; but on turning to the case as it was reported in the Court of Appeals (157 Fed. 536, 87 C. C. A. 122), it is clear that they were identical. However, the report in the Supreme Court shows that the point in view here was not contested, because the vendor in that case voluntarily submitted himself to the court in bankruptcy, and on

the facts that court sustained the vendor. A careful examination of the other cases cited by the petitioner fails to sustain him in any respect; but in Fairbanks Steam Shovel Co. v. Wills, Trustee, 240 U. S. 642, 36 Sup. Ct. 466, 60 L. Ed. 841; decided on April 10, 1916, the Supreme Court applied Acme Harvester Co. v. Beekman Lumber Co., 222 U. S. 300, at page 306, 32 Sup. Ct. 96, 56 L. Ed. 208, wherein it affirmed the expressions in Mueller v. Nugent, 184 U. S., by quoting verbatim from what was said there, at page 14, 22 Sup. Ct. 269, 46 L. Ed. 405, the underlying principle which applies to all this class of cases, thus extending fully the doctrine of lis pendens, and holding that the estate was in custodia legis from the time the party was petitioned into bankruptcy.

The application of the rule as to where the title of property vests varies apparently from the standpoint of investigation. In this case the title had passed from the vendor to the bankrupt. What was left in the vendor was the right of rescission which the vendor had undertaken to assert by the replevin suit; but as there had been no adjudication of the suit, this did not disturb the title. The bringing of it was only a step in the matter of rescission; and, according to the well-known rules, until adjudication in that litigation had reached a result, either party had the right to assert full title for certain purposes and against certain persons. It may be said that this right did not, in fact, disturb the title. So long as the replevin suit was pending, and until it was decided, there was sufficient title left in the purchaser to recover its full value in an action of trover, although possibly subject to prior rights of the vendor, if asserted. The property till then remained in the purchaser, and it became quasi a part of his estate in bankruptcy. While in Donaldson v. Farwell, 93 U. S. 631, 23 L. Ed. 993, the ultimate decision was in favor of the vendor, the question of fraud on the part of the purchaser was not disputed. Fraud was assumed in the instructions given to the jury. 93 U. S. 632, 23 L. Ed. 993. It appears (93 U. S. at pages 632, 633, 23 L. Ed. 993) that the question here might have been considered by the court, but it was not. The case went off on the proposition that an intent not to pay for goods might be fraudulent to such an extent that, if no innocent third party intervened, the sale might be disaffirmed. We can hardly consider this case except in the light of the later cases which we have cited.

The decree of the District Court is affirmed, and the petitioner, Friedlaender, pays the costs on this petition.

⬡⟾For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes