CHARAK v. DURPHEE.

In re LARKIN.

(District Court, D. Massachusetts. July 31, 1918.)

No. 875.

BANKRUPTCY ⬤⟺258—FILING OF INVOLUNTARY PETITION—EFFECT.

The liquidation of property in the possession of a bankrupt at the date of the filing of an involuntary petition against him rests with the bankruptcy court, and the receiver is entitled to sell mortgaged property in possession of the bankrupt at the time of the filing of the petition as against the mortgagee, who sought to take possession of the same for foreclosure.

In Bankruptcy. In the matter of Jacob D. Larkin, bankrupt. Petition by William Charak, receiver, against Chester W. Durphee. Receiver's petition for leave to take and sell mortgaged property granted.

Edward A. Nathanson, of Boston, Mass., for plaintiff.
Frank A. Pease, of Fall River, Mass., for defendant.

MORTON, District Judge. At the time when the involuntary petition in bankruptcy was filed the mortgaged property was in the bankrupt's possession. Thereafter, and before the appointment of a receiver, the mortgagee took possession of it for the purpose of foreclosure. The question is whether he should be allowed to proceed with the sale. The receiver objects to his doing so, and has petitioned for authority to take and sell the property himself.

In Re Wellmade Gas Mantle Co., 233 Fed. 250, 147 C. C. A. 256, it was held by the Court of Appeals for this circuit that a person from whom goods had been obtained by fraud could not replevy them under a state court writ after an involuntary bankruptcy petition had been filed. In Matthews & Sons v. Webre & Co. (D. C.) 213 Fed. 396, it was held that a suit to foreclose a mortgage of real estate could not be maintained in the state court under similar facts.

The result of these cases and of those on which they rest appears to be, generally stated, that the liquidation of property in the possession

of an alleged bankrupt at the date of the filing of an involuntary petition against him rests with the bankruptcy court. In so far as the matter rests in the discretion of the court, I am of opinion that the practice above stated should be followed in this case. There is no doubt that the property in question ought to be sold as soon as practicable.

Accordingly an order should be entered restraining the defendant from proceeding with his foreclosure, and a further order allowing the receiver's petition for leave to take and sell said property, the proceeds of such sale to be held subject to the same valid liens that the property itself was subject to.

So ordered.