## In re SCHENDERLEIN.

(District Court, D. Massachusetts. November 24, 1920.)

### No. 27499.

1. **Bankruptcy ⊂⊃318(3)—Creditor may waive fraud and prove claim in bankruptcy.**

One from whom a bankrupt obtained money by fraud, if he could have waived the fraud and sued in assumpsit, may prove his claim in bankruptcy.

2. **Bankruptcy ⊂⊃58—Transfer to creditor of stolen automobile, bought by bankrupt in good faith, held "act of bankruptcy"; "property."**

A transfer by an alleged bankrupt to a creditor of an automobile, which he had bought in good faith, and to which he had added accessories which he paid for, *held* a transfer of property and an "act of bankruptcy," within the meaning of Bankruptcy Act, § 3a(2), Comp. St. § 9587, although the automobile had been stolen and he did not acquire the legal title.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Act of Bankruptcy; Property.]

In Bankruptcy. In the matter of Kurt E. Schenderlein, alleged bankrupt. On petition for adjudication and objections of the Exchange Trust Company, a creditor. Petition granted.

Harris H. Gilman, of Boston, Mass., for petitioning creditors.
Barton & Harding, of Boston, Mass., for objecting creditor.

MORTON, District Judge. Neither party disputes the learned referee's findings of fact. The question is whether upon those findings there ought to be an adjudication. The answering creditor now contends (1) that the single petitioning creditor has not a provable claim; and (2) that neither of the alleged acts of bankruptcy has been established.

[1] As to (1): The petitioner stands in the shoes of the Southbridge Bank, whose claim has been assigned to him. If it could have waived the fraud practiced upon it, and have sued the alleged bank-

rupt in assumpsit for the amount of its loss, the petitioner has a provable claim; otherwise, not. Schall v. Camors, 251 U. S. 239, 40 Sup. Ct. 135. The exact form of the forged check is not stated, but I infer that it was payable to Schenderlein under the fictitious name of Waterman, and was so indorsed by him. In Schall v. Camors, supra, a partnership which became bankrupt had negotiated its commercial paper by fraudulent representations. The persons who took the paper were allowed to prove against the partnership, but not against the individual partners. Under that decision, the petitioning creditor's claim is provable.

[2] As to the alleged acts of bankruptcy: The trust company contends that, as the alleged bankrupt never had legal title to the automobile, his transfer of it could not constitute a preference. Schenderlein bought the auto in good faith, not knowing it was stolen, and he added to it before he transferred it to the trust company various accessories, which he paid for. As to them he undoubtedly conveyed a good title to the trust company. As to the auto itself, the trust company obtained from him possession of it, and the right to keep it against everybody but the true owner. Burke v. Savage, 13 Allen (Mass.) 408. This was "property," within the meaning of Bankruptcy Act, § 3a (2), Comp. St. § 9587. In In re Wellmade Gas Mantle Co., 233 Fed. 250, 147 C. C. A. 256 (C. C. A. 1st Cir.), it was held that merchandise fraudulently obtained by a bankrupt was nevertheless to be considered as part of his estate pending proceedings to establish the right of the defrauded vendor.

The trust company contends that, inasmuch as the automobile was paid for out of stolen money, the transfer of it, as well as the return of $750 found on Schenderlein at the time of his arrest, should be regarded as the return of stolen property to the owner, instead of preferential transfers. The complete facts, as between the trust company and the Southbridge Bank, are not stated; but I understand there is no dispute that as to the $1,450 check, which was cashed by the Southbridge Bank and remitted to the trust company, the loss will fall on the bank. If so, the money which the alleged bankrupt had in his belt came, in legal effect, from both institutions, and was not such an earmarked special fund as the trust company contends.

Adjudication ordered.