## In re HAVENS et al.

### Petition of NILES.

(Circuit Court of Appeals, Second Circuit. April 13, 1921.)

No. 195.

1. **Bankruptcy ⚖391(3)—Other suits can be stayed only under act or to prevent interference with administration.**

A court of bankruptcy can stay other suits only under the authority of Bankruptcy Act, § 11 (Comp. St. § 9595), or under the general rule that it may stay suits, even in state courts, which interfere with the administration of the estate in charge of the bankruptcy court.

2. **Bankruptcy ⚖391(3)—Court cannot stay proceedings in state court after discharge.**

After the discharge in bankruptcy has been completed, the bankruptcy court has no jurisdiction to stay proceedings in a state court against the bankrupt for a debt barred by the discharge; the bankrupt's remedy, if the state courts erred either in fact or law as to the effect of such discharge, being to take the state action to the United States Supreme Court

Petition to Revise Order of the District Court of the United States for the Eastern District of New York.

In the matter of Edwin B. Havens and another, doing business as E. B. Havens & Co., individually and as copartners, bankrupts. Petition by William W. Niles to revise an order perpetually restraining petitioner from issuing execution on a judgment rendered by the state court against the bankrupt. Order reversed.

See, also, 186 Fed. 583.

On May 24, 1907, an involuntary petition was filed against Havens, who after due adjudication was discharged on November 26, 1910; such discharge being "from all debts and claims which are made provable" by the act and which existed on May 24, 1907.

In September, 1907, the petitioner, Niles, brought suit in the Supreme Court of New York against Havens upon a claim which may be assumed (but not found) to have been both provable and dischargeable in bankruptcy. Upon Havens' default, judgment was entered against him, but in 1918 the state court opened the default, vacated the judgment, and permitted Havens to interpose an answer wherein, among other defenses, he pleaded the aforesaid discharge. The issue thus framed coming on for trial, the plaintiff, petitioner Niles, had verdict and judgment.

It does not appear whether Niles had been scheduled as a creditor, but it seems now admitted that he did file a claim in the bankruptcy proceedings and received a dividend, but that these facts were not testified to in the state court trial. It is now alleged (and may be assumed as true) that such failure of proof arose from the difficulty of finding long unused and probably misplaced papers in the office of the clerk of the District Court for the Eastern District of New York.

Shortly after the rendition of this judgment Havens applied to the court below for an order perpetually restraining Niles from issuing execution upon the judgment entered as aforesaid in the Supreme Court of New York, and also enjoining him from taking any other proceedings to collect or enforce said judgment. Such order was granted, and this petition has been filed to revise the same.

---

⚖For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

John J. Cunneen, of New York City (William W. Niles, of New York City, of counsel), for petitioner.

Cullom & Rinke, of New York City (Neil P. Cullom and William E. Collins, both of New York City, of counsel), for Havens.

Before WARD, HOUGH, and MANTON, Circuit Judges.

HOUGH, Circuit Judge (after stating the facts as above). [1] Under the Constitution bankruptcy is wholly a creature of statute, and under the present act of 1898 no authority can be found for staying suits by or against bankrupts, except section 11 (Comp. St. § 9595). This is true, notwithstanding that upon other and more general principles of law the bankruptcy court may stay suits, even in state courts, which interfere with the administration of the estate in charge of such bankruptcy court. In re Friedlaender, 233 Fed. 250, 147 C. C. A. 256; In re Amy (C. C. A.) 263 Fed. 8.

[2] It seems to have been thought below that, since a discharged bankrupt is for purposes of administering his estate still subject to the jurisdiction of the bankruptcy court (In re Margolies [C. C. A.] 266 Fed. 203), therefore such bankrupt might apply to that court for protection against what he conceived to be the erroneous action of the state tribunal. This is wrong; the nature of a discharge was pointed out in the Margolies Case, supra, and it has been too often said to need citation that, while the granting of a discharge is a function of the bankruptcy court alone, the effect thereof is for any court in which it is duly pleaded or otherwise submitted for judgment.

In the ordinary case, such as this suit of Niles v. Havens, a discharge is a defense; such defense is one that the state or any other court is bound to consider (Hill v. Harding, 107 U. S. 631, 2 Sup. Ct. 404, 27 L. Ed. 493), and if error is committed in failing to accord to the discharge its due weight, the way is open to the national Supreme Court (Dimock v. Revere, etc., Co., 117 U. S. 559, 6 Sup. Ct. 855, 29 L. Ed. 994). But no authority exists for leaving the tribunal, where the discharge was or might have been pleaded, and enjoining the collection of a judgment against a discharged bankrupt because the bankruptcy court thinks that some other tribunal erred either in fact or law as to the effect of such discharge.

The bankruptcy courts possess no such revisory powers; the true doctrine was early pointed out by Brown, D. J., in Re Rosenthal (D. C.) 108 Fed. 370. The point was distinctly ruled in a case not distinguishable from this in Hellman v. Goldstone, 161 Fed. 913, 88 C. C. A. 604, and In re Weisberg (D. C.) 253 Fed. 833, correctly covers the whole matter.

The order under review is reversed, with costs.