## In re MORRILL MASCOT CO.

(District Court, D. Massachusetts. December 7, 1922.)

### No. 30959.

Bankruptcy ⊚⟶288(2)—Goods replevied before bankruptcy held in adverse possession.

A sheriff, under a writ of replevin from a state court, seized goods in the place of business of bankrupt and segregated them for removal before the filing of an involuntary petition in bankruptcy and appointment of a receiver. *Held*, that such goods did not come into possession of the bankruptcy court, but were in possession of an adverse claimant, and the court was without jurisdiction to determine rights therein in a summary proceeding by the receiver to prevent their removal.

In Bankruptcy. In the matter of the Morrill Mascot Company, alleged bankrupt. On application for order to prevent removal of goods by sheriff. Denied.

Martin T. Hall, of Boston, Mass., for plaintiff.

La Rue Brown and Brown, Field & Murray, all of Boston, Mass., for petitioning creditors.

MORTON, District Judge. At 1:45 p. m. on November 21, 1922, a deputy sheriff, by virtue of a replevin writ previously issued by the state court, took possession of certain goods in the place of business of the alleged bankrupt. The plaintiff in replevin was a person who

---

had sold the goods to the alleged bankrupt under circumstances which, it is claimed, gave the right to rescind the sale for fraud. It was in the exercise of that alleged right that the replevin proceedings were instituted. The goods were immediately separated out and segregated from the other goods of the alleged bankrupt and remained at its place of business in the custody of the sheriff.

This was the situation when, at 2:20 p. m. on the same day, an involuntary petition in bankruptcy was filed against the Morrill Mascot Company. Shortly afterward a receiver was appointed for it by this court. He objects to the removal of the goods by the state officer under the replevin writ. The present question is whether the officer has the right to remove them.

The replevin proceedings were an assertion in the strongest legal form that the goods in question were the property of the plaintiff in replevin. At that time no bankruptcy proceedings were pending. Before the bankruptcy petition was filed, the goods had, as above stated, been separated out and taken by the officer. He was holding them for removal when the petition was filed. This being so, it cannot be said, I think, that the goods ever came into the possession of the bankruptcy court. The officer, or the plaintiff in replevin on whose behalf he was acting, was in the position of a person who had seized goods and was holding possession of them under a claim of right before the bankruptcy jurisdiction attached. The bankruptcy court took over the goods in the "same plight and condition" as it found them. The case seems to me distinguishable from the Wellmade Gas Mantle Co. Case, 37 Am. Bankr. R. 7, 233 Fed. 250, 147 C. C. A. 256, in which the bankruptcy petition was filed before the seizure under the state court writ. In Acme Harvester Co. v. Beekman Lumber Co., 222 U. S. 300, 32 Sup. Ct. 96, 56 L. Ed. 208, it is said: "The filing of the petition asserts the jurisdiction in the federal court." Day J., 222 U. S. 308, 32 Sup. Ct. 100, 56 L. Ed. 208. And the same idea is several times repeated in the opinion.

I therefore reach the conclusion that no sufficient cause is shown to interfere with the proceedings under the state court writ. An order may be entered, instructing the receiver to permit the deputy sheriff to remove the goods taken under the replevin writ, and permitting the receiver or trustee, at their discretion, to intervene in replevin proceedings for the protection of the estate, if so advised.