SUNHY REALTY CORPORATION, Plaintiff, *v.* CROSS BAY LUMBER Co., INC., Defendant.

Municipal Court of New York, Borough of Brooklyn, First District, December 29, 1937.

*Abraham J. Porchenick*, for the plaintiff.

*Burns & Sobel*, for the defendant.

ABELOW (ROBERT), Arbitrator. Upon the consent of the parties and their attorneys, this action has been referred to me for arbitration. While the amount involved is small, the issue to be determined involves an interesting and somewhat novel question of law.

The plaintiff sues to recover a balance of $88.50 claimed to be due. The defendant pleads a general denial and payment, and interposes as a further defense that the plaintiff is barred and enjoined by an order of the United States District Court for the Eastern District of New York from proceeding with the enforcement and collection of its alleged claim.

It appears from the pleadings and testimony that the plaintiff in December, 1934, sold and delivered to the defendant certain merchandise valued at $180. In addition, the plaintiff is the owner and holder of two notes totaling $620 executed by the defendant in April, 1935. The claim, therefore, for the goods sold and delivered and under the notes is $800 together with interest on the notes from the date of maturity, the total amount being $837.15. Plaintiff concedes that it has compromised $748.65 of this claim in the Federal proceeding hereinafter referred to, but that there is still a balance of $88.50 due.

It appears that on or about the 1st day of August, 1935, a petition was filed in the United States District Court, Eastern District of New York, for a reorganization of the defendant under section 77B of the Bankruptcy Act (U. S. Code tit. 11, § 207). This petition was duly approved by the court on August 12, 1935. During the course of these proceedings the defendant offered a plan of reorganization which in substance provided for a payment to all creditors of ten per cent in cash and fifty per cent in a series of notes based on the claims filed by the creditors. This plan was approved and on February 14, 1936, an appropriate order was entered.

The plaintiff was advised of these proceedings under section 77B and participated in them. It originally filed a claim for $748.65 and like the other creditors of the corporation received payment under the plan of reorganization so that eventually sixty per cent of the amount sought was realized. The plaintiff's witness has testified, however, that the claim for $748.65 originally filed did not correctly state the true amount due, and that it had been filed by him erroneously. He admits, however, that when he did file the claim for $748.65 he knew that $837.15 was the true amount due to the plaintiff, but he explains his failure to file the larger claim at the time by stating that in a discussion with an officer of the defendant regarding the correct amount due he was told to file for the smaller amount, and the defendant would take care of the balance at some future date.

On January 3, 1936, the plaintiff filed an amended claim for $837.15 but the payments under the reorganization plan approved more than a month later were made on the basis of the smaller claim. These payments were admittedly received and accepted by the plaintiff. The defendant has offered some testimony that there was a dispute as to the true amount due the plaintiff.

While the proceedings in the Federal court were still pending and some fifteen months before they were terminated, the plaintiff instituted this action in the Municipal Court for the difference between his original claim and his amended claim. The action was started in apparent violation of the order approving the plan in the Federal court, the terms of which restrained creditors from enforcing or collecting by legal proceedings any debt of the defendant corporation.

Plaintiff upon the trial asks not for the full amount for which it sues, but rather for sixty per cent thereof, indicating that it will be satisfied to receive the same percentage as it would have received under the reorganization plan. Plaintiff also asks for an additional sum of $15.71 representing a deduction taken by the defendant

on an alleged indebtedness outside of the corporation's transactions. This latter claim has not been satisfactorily proved and is not embraced within the pleadings or within the bill of particulars.

It appears without contradiction that the plaintiff at all times knew that it was receiving payment under the reorganization plan of sixty per cent of the claim as originally filed and that the amended claim for a larger amount was being disregarded. It, nevertheless, accepted this situation and retained payment of the cash and notes received. There was some testimony that a protest was made to one of the defendant's officers when some of these notes matured, but eventually they were presented for payment and paid. No proceedings were taken in the Federal court to obtain payment on the amended claim because apparently the plaintiff relied on the promise of the defendant that the balance would be taken care of after the proceedings were terminated. Neither did the defendant seek to expunge the amended claim nor seek to enforce the order enjoining the plaintiff from suing here.

It also appears without contradiction that the plaintiff was served in May, 1937, with a notice of motion for an order approving the petition of the defendant in the Federal court, confirming the plan of reorganization by a final decree, discharging the debtor from all its debts except such as were excepted from discharge by law, and restraining and enjoining all creditors from commencing any suits based on any claim of any creditor which the debtor had expressly assumed or agreed to pay pursuant to the plan of reorganization and the order confirming the plan. This application was not opposed by the plaintiff and on June 14, 1937, pursuant to an order of Hon. MARCUS B. CAMPBELL, United States District Judge, the application was granted.

It also appears that the plaintiff has signed a receipt acknowledging full payment and discharge of the claims as filed and has consented to the termination and final closing of the proceedings in the Federal court.

It seems fairly obvious that there was a *bona fide* dispute between the parties at the time the petition was filed as to the correct amount of the plaintiff's claim. On no other theory can the plaintiff's filing of the smaller claim when it knew a larger sum was due be explained. Plaintiff participated in the Federal court proceedings and at all times knew that payment was being received on the basis of the smaller claim and not the larger. It accepted these payments, made no attempt to obtain a larger amount, did not oppose the confirmation of the plan of reorganization and the discharge of the defendant and signed a release. It would seem that these admitted facts bar a recovery now.

The Bankruptcy Court alone has the power to grant a discharge but the effect of a discharge is a matter for the consideration of any court to which it is presented as a defense or otherwise. (*Matter of Havens*, 272 Fed. 975; *Matter of Mirkus*, 289 id. 732.) Whether the proceeding under section 77B be in the nature of a composition proceeding as contended by the plaintiff, or in the nature of a straight bankruptcy proceeding as contended by the defendant, it would appear that the claim has been discharged in either event, for the applicable law is the same. (Bankruptcy Act, § 77B, subds. k, o [U. S. Code, tit. 11, § 207, subds. k, o]; § 14, subd. c [U. S. Code, tit. 11, § 32; subd. c]; § 17 [U. S. Code, tit. 11, § 35].)

The original indebtedness was provable in its entirety in the Federal proceedings and the legal obligation which it created was by virtue of the confirmation of the reorganization plan discharged by force of the statute and the remedy of the plaintiff existing at the time the discharge was granted to recover the debt by action barred. (*Herrington* v. *Davitt*, 220 N. Y. 162, 165.)

The final order confirming the reorganization and discharging the debtor establishes a *prima facie* defense to the plaintiff's claim and the burden was then cast upon the plaintiff to show that because of the nature of the claim, failure to give notice, or other statutory reason, the additional claim was by law excepted from the operation of the discharge. (*Matter of Clodgo*, 131 Misc. 490, 494; *Manheim* v. *Loewe*, 185 App. Div. 601.)

The plaintiff has failed to offer any evidence to offset the *prima facie* defense established. It is apparent that plaintiff relied upon the promise to pay the balance made by an officer of the defendant during the proceedings. The promise and not the original indebtedness is the true basis of this action. While the practice of bringing suit on the original claim is sanctioned by usage the right of action is created by the new and efficacious promise. (*Herrington* v. *Davitt, supra.*)

Such a promise if in proper form would have been sufficient to revive the obligation for it is settled that a discharge while releasing the bankrupt from legal liability to pay a debt that was provable in the bankruptcy leaves him with a moral obligation that is sufficient to support a new promise to pay the debt. The theory is that the discharge destroys the remedy but not the indebtedness and so it has been held that a promise to pay a provable debt notwithstanding the discharge is as effectual when made after the filing of the petition and before the discharge as if made after the discharge. (*Zavelo* v. *Reeves*, 227 U. S. 625, 629; *Meyer* v. *Price*, 250 N. Y. 370, 377.) The promise, however, in order to be

enforcible must be in writing. (Pers. Prop. Law, § 31, subd. 5; *Jelliffe* v. *Thaw*, 67 F. [2d] 880; *Posner* v. *Rosenbaum*, 240 App. Div. 543.) In this case, it was not.

I, therefore, hold that the defendant is entitled to judgment dismissing the complaint.