**ELY et al. v. DONOHO et al.**

District Court, S. D. New York.
March 6, 1942.

---

Herman Scheckner, of New York City, for plaintiffs.

Kelsey, Waldrop, Spalding & Parker, of New York City (Paul E. Doherty, of New York City, of counsel), for defendants, E. S. Donoho, Hoyt and Farrelly.

MANDELBAUM, District Judge.

The defendants, Edmund S. Donoho, Jenifer Hoyt and Gerald Farrelly, have moved to dismiss the complaint for failure to state a claim for which relief can be granted. Rule 12(b) (6) of the Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c.

The complaint sets forth four separate causes of action. The first three are against the defendants, Edmund S. Donoho and Murray T. Donoho for breach of contract. The fourth is in favor of the plaintiff, John T. A. Ely, against the defendants, Beaver, Hoyt and Farrelly for inducing the Donohos to breach their contract with him.

This suit originally instituted in Supreme Court, New York County, was removed to this court. Essentially, the complaint alleges the failure of Edmund S. Donoho and Murray T. Donoho to perform a contract with John T. A. Ely under which they were to file a plan in certain reorganization proceedings in this court through Ely, providing for the payment of creditors and the payment to the said Ely the non-voting stockholder of the Washington School for Secretaries, Inc., the sum of $15,000.00 for his 100 shares of stock and to the voting stockholders the sum of $1.68 per share.

The reorganization proceedings above referred to are those of the Washington School for Secretaries, Inc., and its three subsidiary corporations (B. 77560–77561–77562–77563). The court is fully acquainted with the entire matter, since the reorganizations were under its supervision from their inception to the final decree.

Prior to the filing of the petitions for reorganization, pursuant to Chapter X of the Bankruptcy Act, 11 U.S.C.A. § 501 et seq., John T. A. Ely owned 100 shares of the voting stock and 1,000 shares of the non-voting stock of the holding company, Washington School for Secretaries, Inc. (which owned the issued stock of its subsidiaries, the three other debtor corporations) and acted as general manager of the four debtors. Decrees were entered declaring the debtor corporations to be insolvent which resulted in Ely's (and the other plaintiff's) interest as a stockholder being wiped out. The plan of reorganization has been confirmed and consummated in accordance with the procedure required by the Bankruptcy Act.

The gravamen of the complaint is simply this. The plaintiffs claim that the plan filed by the Donohos which made no provision for stockholders was not the one which they agreed to file prior to the institution of the reorganization proceeding.

The chief points urged by the defendants in attacking the sufficiency of the complaint may be said to be: (1) the illegality of the alleged agreement as violative of Section 29, sub. b of the Bankruptcy Act, 11 U.S.C.A. § 52, sub. b; (2) that the suit is a collateral attack on the reorganization proceedings; (3) that the plaintiff has failed to perform a condition precedent to recovery; and (4) that no damages to the plaintiffs are alleged. I believe a consideration of the first two points will suffice.

All the plaintiffs (Edna Walker is the assignee of Richard T. Ely, a stockholder) were stockholders of the Washington School for Secretaries, Inc. and were served with proper notices in the reorganization proceedings. No appeal by any of the plaintiffs

was taken from the decrees declaring the debtor to be insolvent or from the decrees approving the Donoho Plan of reorganization. The instant suit was instituted *after* the plan of reorganization had been confirmed and consummated.

In the court's opinion, this is clearly an effort on the part of the plaintiffs to revive their rights as stockholders which have been extinguished by the reorganization proceedings. If the alleged agreement set forth in the complaint actually existed, it was the duty of John T. A. Ely to have disclosed its existence to the court. The complaint alleges no such disclosure. The court .was vested with ample power under Sections 167 and 168 of the Bankruptcy Act, 11 U.S.C.A. §§ 567, 568, to have authorized an investigation on behalf of creditors and stockholders as to the existence of any binding agreement to file a plan of reorganization by the Donohos at variance with the one actually filed by them.

It would appear to follow as a necessary corollary that parties to the reorganization proceedings who fail to disclose the existence of such contract to the court are barred from raising the issue in a separate suit. Under Sections 224(1), and 228(1) of the Bankruptcy Act, 11 U.S.C.A. §§ 624(1), 628(1), the plan of reorganization upon confirmation becomes binding upon all creditors and stockholders, and upon consummation, all their rights and interests are terminated except as provided in the plan. See In re Lyman Richey Sand & Gravel Co., D.C., 42 F.Supp. 158. I am further of the opinion that the failure to disclose the alleged agreement to the court is in derogation of Section 29, sub. b, of the Bankruptcy Act, and hence the same is illegal and unenforceable.

With respect to the cause of action by John T. A. Ely against Beaver, Hoyt and Farrelly, for inducing the breach of contract, no cause of action is stated against them. An action for inducing the breach of an agreement which is illegal and unenforceable will not lie.

I have examined the cases submitted by the plaintiff in support of the complaint, especially Miller v. Vanderlip, 285 N.Y. 116, 33 N.E.2d 51; and William Bernard v. Fromme, 132 App.Div. 922, 116 N.Y.S. 807. The factual situations in those cases are entirely different from the one disclosed by the complaint at bar and I consider them inapplicable.

The objection made by the plaintiff as to the right of Beaver and Farrelly to move for the dismissal of the complaint because of their alleged default in responding to the complaint is overruled.

The complaint is dismissed for failure to state a claim against all the defendants, for which relief can be granted.

Settle order on notice.