**In re Harry GURWITCH, Debtor.**

**Bankruptcy No. 80–00058–BKC–TCB.**

United States Bankruptcy Court, S.D. Florida.

Feb. 24, 1984.

**514**

Robert Schatzman, Miami, Fla., for debtor.

Lawrence Lilly, Asst. Dist. Counsel, Miami, Fla., for I.R.S.

### ORDER DENYING CONTEMPT CITATION

THOMAS C. BRITTON, Bankruptcy Judge.

The issue here is whether the IRS is bound by the provisions for a tax claim contained in an individual's confirmed chapter 11 plan. The point does not appear to have been raised in any reported decision.

An individual debtor seeks a contempt citation against IRS agents because they are attempting to collect a tax debt. The debt was fixed in amount and payment was deferred by a confirmed chapter 11 plan. The facts are undisputed.

On June 6, 1980, the IRS filed a claim for $7,756 in this chapter 11 case against the debtor as the corporate officer responsible for the failure of two corporations (EMC Film and American Contemporary Art) to pay withholding taxes. The claim was based on a 100% penalty imposed by § 6672 of the Internal Revenue Code of 1954. This claim was never amended, withdrawn or contested, and therefore was allowed in that amount. 11 U.S.C. § 502(a).

The debtor's plan, confirmed August 21, 1981, classified the IRS claim as Class 2 and provided for payment in full in six equal annual installments with 15% interest. This provision was designed to meet the statutory requirement specified in § 1129(a)(9)(C):

"with respect to a claim of a kind specified in section 507(a)(6) of this title, the holder of such claim will receive on account of such claim deferred cash payments, over a period not exceeding six years after the date of assessment of such claim, of a value, as of the effective date of the plan, equal to the allowed amount of such claim."

■ The IRS neither accepted nor rejected the plan. § 1126(a). The confirmation of the plan, therefore, was an involuntary "cram down" under § 1129(b)(1). The IRS did not object to the confirmation, appeal the confirmation order or seek revocation under § 1144. The confirmation order has become final.

It is the debtor's position that the IRS is bound by the provision of the confirmed plan and that the acts of agents attempting to force immediate payment of a larger amount are in contempt of that order.

It is the IRS position, expressed by the District Counsel through his letter of August 6, 1982 (Exhibit 4) and confirmed through the U.S. Attorney at the hearing of February 27, that it is not bound either by the amount of the claim fixed in this proceeding nor by the payment terms provided in the confirmed plan, because § 1141, which defines the effect of confirmation, specifies that:

"The confirmation of a plan does not discharge an individual debtor from any debt excepted from discharge under section 523 of this title." § 1141(d)(2).

And § 523(a)(1)(A) excepts from discharge debts for certain tax claims, including this one:

"whether or not a claim for such tax was filed or allowed."

It is not disputed that this court had jurisdiction to determine the amount of the IRS claim in question here. § 505(a)(1). The amount was not fixed by either the plan or the confirmation order. It was fixed by the creditor's claim coupled with the debtor's acquiescence and the effect of § 502(a). The determination became final when this case was closed. § 502(j). The case was closed in 1982 by a final decree. (C.P. No. 63).

The exception from discharge contained in §§ 1141(d)(2) and 523(a)(1)(A) does not by its terms nor of necessity restrict the binding effect of this court's tax determination pursuant to § 505(a). I am satisfied that the *amount* of the claim, $7,756, has been determined in this proceeding and is binding upon both the debtor and the creditor. That issue is res judicata.

I also agree with the debtor that both parties are bound by the provisions for payment contained in the confirmed plan. The statute stipulates that:

§ 1141. *Effect of confirmation*

(a) Except as provided in subsections (d)(2) and (d)(3) of this section, the provisions of a confirmed plan bind the debtor ... and any creditor ...

(d)(2) The confirmation of a plan does not discharge an individual debtor from any debt excepted from discharge under section 523 of this title."

The plan confirmed here did not discharge any part of the debt owed to the IRS. That is all that the statute precludes. The plan as confirmed provided the statutory equivalent under § 1129(a)(9)(C) of complete payment of the claim as of the effective date of the plan.[1]

The position of the IRS requires that we assume a legislative intent to limit the application of § 1129(a)(9)(C) either to plans accepted by the IRS or to plans proposed by an entity other than an individual, that is to say a partnership, corporation, estate, trustee or governmental unit. Neither assumption is tenable. It is clear from the wording of § 1129(a)(9) that the section is intended to apply only when the taxing authority does *not* agree. There is no hint in the legislative history of any intent to limit the effect of this section to entities other than an individual. The IRS has suggested no rational reason for such a classification and I can imagine none.

In sum, therefore, I conclude that the IRS is bound by the amount of its claim as fixed by its accepted claim and by the provisions for payment contained in the plan confirmed in this case.

I am asked by the debtor to find the IRS agents in contempt of the 1981 confirmation order. The IRS, through counsel has stated that it will abide this court's determination. The agents who dealt with this claim were following the legal advice of the District Counsel. He was confronted with an issue of first impression as to which reasonable men may differ. I find no basis for a contempt citation.

As has been noted, this case was closed in 1982. It is reopened under § 350(b). The debtor is ordered to pay the Clerk $200 forthwith as is required by 28 U.S.C. § 1930(a). When that payment is received and when this order becomes final, this case is again closed.

---

1. The IRS could have but did not contest the plan's compliance with § 1129(a)(9)(C). It does not now question that compliance. See

*Matter of Southern States Motor Inns, Inc.*, 709 F.2d 647 (11th Cir.1983).