**In the Matter of DRISCOLL'S TOWING SERVICE, INC., Debtor.**

**DRISCOLL'S TOWING SERVICE, INC., etc., Plaintiff,**

**v.**

**The UNITED STATES of America Department of Treasury, Internal Revenue Service, Defendant.**

**Bankruptcy No. 82–02304–BKC–JAG.
Adv. No. 84–0262–BKC–JAG–A.**

United States Bankruptcy Court, S.D. Florida.

Oct. 24, 1984.

Chad P. Pugatch, Fort Lauderdale, Fla., for debtor.

Elizabeth Sullivan, Washington, D.C., for I.R.S.

## FINDINGS OF FACT AND CONCLUSIONS OF LAW

JOSEPH A. GASSEN, Bankruptcy Judge.

THIS CAUSE came on for trial upon the Complaint of the Debtor, DRISCOLL'S TOWING SERVICE, INC., (hereinafter referred to as DEBTOR or DRISCOLL'S) against the UNITED STATES OF AMERI-CA DEPARTMENT OF TREASURY AND INTERNAL REVENUE SERVICE (hereinafter referred to as INTERNAL REVENUE SERVICE or IRS) seeking preliminary and permanent injunctive relief pursuant to 11 *U.S.C.* § 105, enjoining the IRS from continuing efforts to assess and collect against the principals of the DEBTOR the 100% penalty authorized by Internal Revenue Code § 6672 as pertains to prepetition tax obligations owed by the DEBTOR to the IRS. The Court heard testimony on Plaintiff's Motion for Preliminary Injunction and on June 22, 1984, entered an Order Granting Motion for Preliminary Injunction pending the trial of this action. By stipulation of the parties, this case was tried upon the testimony presented at the hearing on the Motion for Preliminary Injunction as well as certain Affidavits, Depositions and Memoranda of Law as agreed to by the parties.

The corporate debtor filed its Voluntary Petition for Relief under Chapter 11 of the United States Bankruptcy Code on November 24, 1982. The IRS has filed its Proof of Claim for Internal Revenue Service taxes in the Chapter 11 proceeding, indicating a total claim, both secured and priority, of $55,057.62, representing various FICA and FUTA taxes, including interest and penalties through the date of the petition. The DEBTOR filed a Chapter 11 Plan of Reorganization, which has been confirmed by the Court, providing for payment in full of the above said claim, with interest, within six years from the date of assessment as authorized by the applicable provisions of the Bankruptcy Code. The INTERNAL REVENUE SERVICE filed no objection to the confirmation of the plan and did not vote for or against the plan. The plan further provided for a waiver by creditors of the estate of all personal liability of the principals of the debtor corporation, conditioned upon successful completion of the terms of the Plan of Reorganization, with an abatement of claims during the period of implementation of the plan.

During the pendency of this case, the INTERNAL REVENUE SERVICE, has,

through the time of entry of the Preliminary Injunction herein, taken steps to assess and collect against the DEBTOR'S principals, Robert Driscoll, Marion Driscoll, Joseph Driscoll and Robert Driscoll, Jr., the 100% penalty authorized by Internal Revenue Code § 6672. The DEBTOR filed this action against the INTERNAL REVENUE SERVICE seeking to enjoin such assessment and collection efforts upon the grounds that the collection efforts against the individual principals of the DEBTOR adversely impacted the DEBTOR'S efforts to reorganize herein, and, as well, that said collection efforts were precluded by the now confirmed Plan of Reorganization which are alleged to be binding on the INTERNAL REVENUE SERVICE. The DEBTOR contends that the Court has the authority to enjoin the INTERNAL REVENUE SERVICE from further collection efforts as provided in 11 *U.S.C.* § 105(a) which authorizes this Court to issue any order, process or judgment that is necessary or appropriate to carry out the provisions of this title.

The INTERNAL REVENUE SERVICE has defended against the DEBTOR'S action alleging, substantially, that the corporate debtor lacks standing to maintain this action to enjoin the collection of the 100% penalty against the individuals involved; alleging further the absence of a waiver of sovereign immunity by the government; and asserting the invalidity of the attempted injunctive relief pursuant to the Anti-Injunction Act, 26 *U.S.C.* § 7421(a).

The issues presented in this action have been squarely confronted by other courts, although a review of the authorities reveals a split in the circuits, with no binding precedent available either in the Eleventh Circuit or the old Fifth Circuit Court of Appeals, prior to the creation of the Eleventh Circuit. It is the opinion of this Court that the better reasoned approach is that asserted by the Plaintiff as embodied in the cases of *In Re: Jon Co., Inc.*, 30 B.R. 831 (D.C.Colo.1983), and *In Re: Datair Systems Corporation*, 37 B.R. 690 (B.C.N.D. Ill.1983).

■ Each of these cases holds that, where the effect of the efforts of the INTERNAL REVENUE SERVICE to collect the 100% penalty imposed by Internal Revenue Code § 6672 is to cause detriment to the reorganization efforts of the debtor, the Court may, under the general equitable provisions of 11 *U.S.C.* § 105, authorize injunctive relief to preclude the collection efforts. The testimony in the instant action reveals the general chilling effect upon the reorganization effort created by the INTERNAL REVENUE SERVICE collection efforts, especially in view of the provisions of the confirmed plan which provide for payment of all sums outstanding and due to the INTERNAL REVENUE SERVICE within the time allowed by law. The DEBTOR'S principals also testified to the problems encountered in refinancing and obtaining new equipment necessary to carry out the DEBTOR'S reorganization. The Court is convinced that the DEBTOR has established a sufficient stake in the outcome of this action. To argue otherwise would create a chilling effect on almost every corporate Chapter 11 proceeding in which federal taxes are owed and would potentially lead to a situation requiring the filing of individual Chapter 11's by the DEBTOR'S principals to accomplish the effect provided by allowing this injunctive relief. The Court sees no reason to create such an overly burdensome situation for both the principals of the corporate debtors and the Court itself when injunctive relief is clearly available.

■ The Court further agrees with the rationale of the *Jon Co.* and *Datair* cases, holding that sovereign immunity has been effectively waived by the government by virtue of the provisions of 11 *U.S.C.* § 106 as well as 11 *U.S.C.* § 505(a)(1). It should be noted in the instant action that the INTERNAL REVENUE SERVICE has filed its Proof of Claim and submitted itself to the jurisdiction of the Court in that regard. Likewise, the Anti-Injunction Act, 26 *U.S.C.* § 7421(a) is not applicable in that the intention of Congress to enact a complete scheme governing bankruptcy over-

rides the general policy represented by the Anti-Injunction Act. The provisions of 11 *U.S.C.* § 105(a) permitting a bankruptcy judge to issue "any order, process or judgment that is necessary or appropriate to carry out the provisions of this title" would govern. *In Re: Jon Co., supra, In Re: Datair Systems Corporation, supra. See, also, Bostwick v. United States*, 521 F.2d 741 (8th Cir.1975).

██ The issuance of an injunction herein is also appropriate in view of the applicable provisions of the DEBTOR'S confirmed plan, which were not objected to by the INTERNAL REVENUE SERVICE. As stated above, the confirmed plan in this case provides for a waiver of personal liability of the DEBTOR'S principals upon successful completion of the payment provisions of the plan, and an abatement of claims during the pendency of the payments. The plan herein provides for liquidation of all amounts owed to the INTERNAL REVENUE SERVICE with interest and the DEBTOR is not in default in its payment obligations.

11 *U.S.C.* § 1141(a) is clearly applicable and provides in pertinent part that:

"... The provisions of a confirmed plan bind the debtor, any entity issuing securities under the plan, any entity acquiring property under the plan, and any creditor or equity security holder of, or general partner in, the debtor, whether or not the claim or interest of such creditor, equity security holder, or general partner is impaired under the plan and whether or not such creditor, equity security holder, or general partner has accepted the plan."

The provisions of 11 *U.S.C.* § 1141(a) are clear and unambiguous and have long been the applicable principle of laws concerning the binding effect of a confirmed Plan of Reorganization. *See, Friedman v. Schneider*, 238 Mo.App. 778, 186 S.W.2d 204 (1945); *Ely v. Donoho*, 45 F.Supp. 27 (D.C.N.Y.1942); *Sunhy Realty Company v. Cross Bay Lumber Co.*, 165 Misc. 534, 2 N.Y.S.2d 440; *Levy v. Cohen*, 19 Cal.3d 165, 137 Cal.Rptr. 162, 561 P.2d 252 (1977),

*cert. denied* 434 U.S. 833, 98 S.Ct. 119, 54 L.Ed.2d 94.

This issue was recently confronted within this district in the case of *In Re: Gurwitch*, 37 B.R. 513 (B.C.S.D.Fla.1984). On facts similar to the issues presented herein, the debtor sought a contempt citation against the Internal Revenue Service for attempting to collect the 100% penalty against the debtor's principals in the face of a confirmed plan providing for payment of outstanding tax claims in full over six years as permitted by 11 *U.S.C.* § 1129(a)(9)(C). As here, the Internal Revenue Service neither accepted nor rejected the confirmed plan. The Court in that case rejected the claims of the Internal Revenue Service that the government was free to ignore the plan and, while refusing to impose contempt sanctions on the basis of the government's agreement to abide by the court's decision, made it clear that the Internal Revenue Service *was* bound by the provisions of the confirmed plan which would preclude the assertion of the 100% penalty.

██ The INTERNAL REVENUE SERVICE has argued herein that it lacked actual notice of the hearings concerning confirmation of the plan in that notice was furnished to the Atlanta, as opposed to Jacksonville, offices of the INTERNAL REVENUE SERVICE. However, the Court finds no evidentiary support in the record for the contention of nonawareness of the proceedings by the INTERNAL REVENUE SERVICE and fails to perceive any prejudice shown by the government based upon the claim of lack of actual notice.

Based upon the foregoing, the Court finds and concludes that the DEBTOR is entitled to issuance of an injunction precluding the INTERNAL REVENUE SERVICE from further efforts to collect the 100% penalty imposed by Internal Revenue Code § 6672 against the principals of the DEBTOR, Robert Driscoll, Marion Driscoll, Joseph Driscoll and Robert Driscoll, Jr. This injunction, however, must be conditioned upon timely payments by the DEBTOR of all obligations to the INTERNAL

REVENUE SERVICE under the confirmed Plan of Reorganization. The injunction should expire upon default by the corporate debtor in its payments, unless extended by the Court for good cause shown.

Further, the INTERNAL REVENUE SERVICE should be permitted to perfect all lien rights available to preserve its position and, as a further condition of the issuance of this relief, the individuals involved must execute an appropriate waiver of the applicable Statutes of Limitations in form satisfactory to the INTERNAL REVENUE SERVICE. Absent execution of such a waiver, the above said injunction should expire sixty days prior to the running of the applicable Statute of Limitations against each of the individuals involved.

A Final Judgment shall be entered in accordance with these Findings of Fact and Conclusions of Law.