## Sutman, Appellant, v. Hogsett.

*Bankruptcy—Claim for exemption—State laws—Delay in making claim—Waiver.*

Claims for exemption under the Federal Statutes regulating bankruptcy are allowed in accordance with the law of the state in which the bankrupt resides.

Where in bankruptcy proceedings instituted in Pennsylvania under the Federal Statute, the bankrupt's property is all turned over to the trustee who sells it under an order of court, a claim for exemption after the sale is too late.

The right of exemption may be waived at any time before there has been a final determination of the claim of the bankrupt.

Argued April 25, 1918. Appeal, No. 90, April T., 1918, by plaintiff, from judgment of C. P. Allegheny Co., Jan. T., 1915, No. 1612, on verdict for garnishee in case of H. C. Sutman and William Sutman, Partners Trading as H. C. Sutman & Company, v. Harry R. Hogsett. Before ORLADY, P. J., PORTER, HENDERSON, HEAD, KEPHART and TREXLER, JJ. Affirmed.

Issue in attachment execution.

SWEARINGEN, J., stated the facts to be as follows:

"The defendant, Harry R. Hogsett, is a bankrupt, and A. C. Ellis, the garnishee, is trustee in bankruptcy of the said bankrupt. October 6, 1914, A. C. Ellis, as receiver and trustee in bankruptcy, sold the property of the bankrupt for $2,000. October 7, 1914, the sale was confirmed. November 2, 1914, the bankrupt filed his schedules, wherein he claimed the sum of $300 out of the proceeds of the sale aforesaid as his exemption. December 4, 1914, an attachment execution was issued on behalf of H. C.

Sutman & Company on a judgment obtained by them against the said Harry R. Hogsett, in which the said A. C. Ellis was named as garnishee. This attachment was served upon A. C. Ellis on the same date, to wit, December 4, 1914. December 16, 1914, the trustee filed his report, recommending that the sum of $300 be paid to the bankrupt as claimed, and, on the same date, the report was confirmed nisi, to become absolute within twenty days thereafter. During the running of said period, to wit, on December 26, 1914, the bankrupt filed with the referee in bankruptcy a stipulation waiving his exemption as claimed in his said schedule."

At the trial of the issue in attachment execution, the court gave binding instructions in favor of the garnishee, A. C. Ellis, trustee in bankruptcy.

Verdict and judgment for garnishee. Plaintiff appealed.

*Error assigned* was in giving binding instructions for the garnishee.

*William R. Murphy,* with him *Charles G. McIlvain* and *Frederick P. Glasser,* for appellants.—We have found no similar case in any of the reports in which this question has been decided, but we believe that on principle it has been answered in favor of the attaching creditor by an unbroken line of decisions holding that title to the exemption never passes to the trustee in bankruptcy or becomes a part of the bankrupt estate· Lockwood v. Exchange Bank, 190 U. S. 294; Zumpfe v. Schultz, 35 Pa. Superior Ct. 106; In re Yeager, 182 Fed. Rep. 591; In re MacKissic, 171 Fed. Rep. 259; Realty Co. v. Gioshio, 50 Pa. Superior Ct. 185.

An attachment works an equitable assignment in favor of the attaching creditor, and places it beyond the power of the debtor to treat the attached property as his own without regard to the attachment: Reed v. Penrose, 36 Pa. 214; Fessler v. Ellis, 40 Pa. 248.

The claim for exemption was not a mere inchoate right.

*John M. Ralston,* with him *Frank W. Stonecipher,* for appellee.—A bankrupt has no title to exempt property subject to attachment until the twenty days allowed for final confirmation have expired: In re White, 11 A. B. R. 557; White Deer Twp. Overseers, 95 Pa. 191; Kyle & Dunlap's App., 45 Pa. 353.

OPINION BY ORLADY, P. J., July 10, 1918:

Claims for exemption under the federal statutes regulating bankruptcy are allowed in accordance with the law of the state in which the bankrupt resides. The federal statute declares "This act shall not affect the allowance to the bankrupt of the exemptions which are prescribed by the state laws." And the trustee is required to set apart the bankrupt's exemption and report the items and estimated value thereof to the court as soon as practicable after his appointment. The bankrupt's property was all turned over to the trustee who sold it under an order of court. No claim for exemption was presented by the bankrupt until after his property had been converted into money through this sale. It may well be doubted, therefore, whether the claim was in time. It was decided in Hammer v. Freese, 19 Pa. 255, that a debtor was not entitled to claim exemption of $300 of the money for which his personal property was sold at sheriff's sale and this for the reason that the exemption act speaks of property, not of money. It requires him to elect the goods he wishes to retain and the property thus chosen and appraised is exempted from levy and sale. The act gives the right to the debtor to designate the property which he desires to retain and establishes a mode of ascertaining its value. It was accordingly held that a demand for an appraisement after the property had been converted into money by judicial sale was too late; that the right was waived by failure to make demand before the sale. This view was also held by Judge EWING of the United States District Court for the Western District of Pennsylvania: In re Pfeiffer, 19

A. B. R. 231. The federal law does not undertake to give to the debtor a different exemption from that which the law of his state accords him and the claimant must stand on the right which that law gives him. Waiving this view of the case, however, we think the conclusion of the learned trial judge was correct on the proposition that the right of exemption might be waived at any time before there had been a final determination of the claim of the bankrupt. That a debtor may waive his right to exemption under the Pennsylvania statute is well established. It is a personal privilege over which he has absolute control: Kyle and Dunlap's App., 45 Pa. 353. Where the debtor fails to claim his exemption or withdraws his claim after having made it he is in the same situation as if there was no provision of law for exemption. And this release may be made as stated in the case last cited "at any time before the money is actually in his pocket." By the Act of 1898 court of bankruptcy are vested with jurisdiction "to determine all claims of bankrupts to their exemptions." General order No. 17, adopted by the Supreme Court of the United States under the authority of the bankrupt act, provides as follows: "The trustee shall make report to the court within twenty days after receiving the notice of his appointment of the articles set off to the bankrupt by him according to the provisions of the forty-seventh section of the act with the estimated value of each article and any creditor may take exceptions to the determination of the trustee within twenty days after filing of the report." The obvious purpose of this regulation is to hold in abeyance the determination of the trustee as to the debtor's right of exemption until the creditors have had an opportunity to be heard. The matter is in suspense until the lapse of time thus provided for. Until it has been determined that the right is valid the control of the court through the trustee is not released. There has been no final ascertainment that the debtor is entitled to the particular property claimed. The withdrawal of the claim for ex-

emption by the bankrupt in this case was made before the lapse of the period provided for in the general order above quoted. That withdrawal was in time under the Pennsylvania statute and we find nothing in the federal enactments or the decisions of the Federal court to prevent the exercise of that privilege by the debtor. Conceding as contended by the appellant that title to the exemption never passes to the trustee in bankruptcy or becomes a part of the bankrupt estate it is nevertheless true that the particular property claimed by the bankrupt must be identified and set apart and until the procedure prescribed by law for accomplishing that result has been applied the property is under the control of the court. We regard the determination of the case in the court below as in accordance with the law.

The judgment is affirmed.