## E. F. Schlichter Co., Inc., v. Baum.

*Hyman Goldstein*, for plaintiff.

*C. A. Shambaugh* and *W. H. McCrea*, for garnishee.

BIDDLE, P. J., June 18, 1929.—Z. M. Baum filed a voluntary petition in bankruptcy on Oct. 8, 1928, and in the schedules which he filed he claimed certain items as his exemption. The present plaintiff entered judgment against Z. M. Baum on a judgment exemption note given by him in the sum of $300, and on Dec. 5, 1928, it issued an attachment execution on its judgment, and W. I. Spangler, the trustee in bankruptcy of Z. M. Baum, was summoned as garnishee. On Dec. 8, 1928, Z. M. Baum formally abandoned his claim to the exemption in order that it might revert to the bankrupt estate;

and subsequently the bankrupt, under order of the U. S. District Court, sold the personalty which had originally been claimed as the exemption for the sum of $117.10, the proceeds of said sale being turned into the general fund of the bankrup's estate. On Feb. 20, 1929, the present plaintiff entered a rule on William I. Spangler, trustee of Z. M. Baum, bankrupt, to answer the plaintiff's interrogatories which had been filed, and his answer was filed on March 4, 1929, admitting the facts above set out. It nowhere appears, and it is not alleged, that the property claimed by the bankrupt under his exemption was ever formally set aside or adjudged to him by any decree of the Federal court in his bankruptcy proceeding. On April 16, 1929, the plaintiff moved for judgment against the garnishee, W. I. Spangler, trustee, in the amount of $117.10, the sum which the garnishee had stated that he had received for goods originally claimed as the bankrupt's exemption which had been sold, and "for judgment for vague, evasive and insufficient answers to the interrogatories filed in this case." To this rule the garnishee on April 29th filed an answer, setting out that the answers to the interrogatories theretofore filed were clear, full and complete and contained all the information relative thereto within the knowledge of the garnishee. In this form the rule for judgment comes before us.

We think that the plaintiff in this case is setting up in his rule two inconsistent, irreconcilable claims; first, a rule for judgment upon the admissions contained in the answer of the garnishee for the amount which it is averred is admitted to be due, and, next, a rule for judgment because the garnishee has not answered clearly and sufficiently. The rule for judgment for the amount admitted to be due necessarily accepts the answers as clear and sufficient to that extent; and the demand for judgment because the answers are vague, evasive and insufficient is, in effect, a specific averment that the garnishee has not set out anything sufficient in the answer either to relieve himself from liability or to establish a liability on his part to the plaintiff.

"A rule for judgment upon the admissions contained in the answers for the amount there appearing to be due is one thing, and a rule for judgment because the garnishee has not answered sufficiently is quite another, and our treatment of the two must vary accordingly:" Henwood v. American Legion of Honor, 2 Dist. R. 170; Fithian v. Brooks, 1 Phila. 260.

In our opinion, an inconsistent attitude of this sort cannot be accepted by the court; and the plaintiff should be compelled to abandon the present rule and to ask either for judgment on the answers for the amount admitted to be due or for judgment generally for the amount of its claim because the answers were vague, evasive and insufficient. If a rule in either form was before us with matters in their present shape, we should still feel compelled to discharge it. If the rule was restricted to the request for judgment for $117.10, the amount for which it is admitted that certain personal property of the bankrupt had been sold, we could not hold that under the present condition of the case there was any admission of liability on the part of the garnishee. It is quite possible that if the answers of the garnishee and the pleadings in the case showed that the amount claimed by Baum, the bankrupt, under his exemption had been definitely adjudged to him, the present plaintiff would be entitled to recover the amount for which that property had been sold. But this does not appear. It does appear that after the issuance of the attachment execution the bankrupt waived his right of exemption; and, if this was done before a final determination of his claim to the exemption in the Federal court, it would be sufficient to defeat the claim of the plaintiff here: Sutman v. Hogsett, 70 Pa. Superior Ct. 180.

506

Whether this is the case or not, we are not apprized; and the liability must clearly appear before we could hold that there was an admission of the garnishee that he held property that was subject to the claim of the plaintiff.

If, on the other hand, the pending rule should be treated merely as one for judgment for want of a sufficient answer to the interrogatories, we should again have to dismiss the rule. The plaintiff has not pointed out any point wherein the answers to the interrogatories are vague, evasive or insufficient either in the oral argument or in the written brief which was submitted; and even if they had succeeded in pointing out such defects, their application would have been premature because, before judgment can be entered against a garnishee for the insufficiency of his answers, he is entitled to be warned by exception so as to have an opportunity for explaining their defects: Little v. Nelson, 61 Miss. 672; Lanback v. Black, 1 W. N. C. 314; Henwood v. American Legion of Honor, 2 Dist. R. 170; Grauer v. Watson, 3 Dist. R. 641.

In dismissing the pending rule, the dismissal will be without prejudice to the right of the plaintiff to proceed hereafter if this is desired against the garnishee for such amount as the plaintiff may feel it is entitled to.

And now, June 18, 1929, the rule for judgment in this case is dismissed, without prejudice, however, to the right of the plaintiff to take further proper action looking to the same result.

From Francis B. Sellers, Carlisle, Pa.