## Bremler v. Caplin et al.

*Elias Goodstein,* for plaintiff; *Jones, Whitehall & Lane,* for defendant.
*M. J. Laponsky,* for garnishee.

HENDERSON, J., March 18, 1931.—The matter comes before the court on a rule on the garnishee to show cause why judgment should not be entered against him for want of sufficient answer to plaintiff's interrogatories. The facts are that Louis Caplin was adjudged a bankrupt, and Abe Goldberg, the garnishee, was appointed trustee. On February 27, 1930, the trustee, under the provisions of the Bankruptcy Act, filed a report on the bankrupt's exemption, setting apart the sum of $300, cash realized from the sale of certain articles of personal property claimed by the bankrupt. This report was filed with the referee in bankruptcy on February 27, 1930, and confirmed *nisi,* to become absolute in twenty days. On March 14, 1930, the plaintiff issued an attachment execution on a judgment confessed by the bankrupt and his wife, Esther Caplin, in which exemption was waived, and attached the exemption in the hands of the trustee in bankruptcy. The judgment upon which the attachment was issued was entered in this court at No. 256, December Term, 1929. On April 7, 1930, the bankrupt filed with J. G. Carroll, Esq., referee in bankruptcy, at Uniontown, Pennsylvania, a waiver of his right to exemption. The garnishee, in answer to the third interrogatory, admitted that he had in his possession the sum of $300 which was set apart for the exemption of the bankrupt, Louis Caplin, but set up the waiver filed by the bankrupt on April 7, 1930, and alleged that thereby the said sum passed to the bankrupt's estate for distribution. It is alleged on the rule now before us that this answer of the trustee is insufficient to prevent judgment; that is the question before us now.

We are of the opinion that the rule must be made absolute, and judgment be entered against the garnishee for want of a sufficient answer to the third interrogatory. The twenty days after the filing of the bankrupt's exemption with the referee on February 27th would expire March 19, 1930, at which time the confirmation thereof *nisi,* under the bankruptcy act, became absolute. When that time had passed the right of the bankrupt to his exemption was absolute, and it was thereafter not a part of the bankrupt's estate or property passing to the trustee. Neither did the trustee have any title to the goods after the confirmation of the same or the time for filing exceptions to the report of the trustee on the exemption had expired: Miller Brothers *v.* Hally, 65 Pitts. L. J. 543. Had the waiver been filed by the bankrupt before March 19, 1930, a different situation entirely would have arisen. In the case of Sutman *v.* Hogsett, 70 Pa. Superior Ct. 180, it was held that the right to exemption may be waived at any time before there has been a final determination of the bankrupt's claim, but there is nothing in that case which

742

would hold that the exemption might be waived after the time for filing exceptions. It would appear that the converse of that proposition would be true and that the waiver would be ineffective after the expiration of the time for filing exceptions. We are, therefore, of the opinion that the rule must be made absolute and that judgment should be entered against the garnishee and in favor of the plaintiff for the sum of $300.

### Order.

And now, March 18, 1931, upon and after due consideration, it is ordered that the rule issued May 8, 1930, directed to the garnishee to show cause why judgment should not be entered against him for want of a sufficient answer to the plaintiff's interrogatories be, and the same is, hereby made absolute, and judgment is entered against Abe Goldberg, trustee in bankruptcy of Louis Caplin, a bankrupt, the garnishee, and in favor of the plaintiff, in the sum of $300.                    From Luke H. Frasher, Uniontown, Pa.